Alexander Del Gtorno, J.
By this motion claimants Bernard S. Siegel, Leonard Greenberg, Bernard Hein, Gilbert Ancowitz and Irving Satty (hereinafter referred to as u Siegel et al”) *180 seek to vacate and withdraw the single judgment and bill of costs entered on April 23, 1970 against it and Arlen of Nanuet, Inc., and Banner Holding Cor,p. (hereinafter referred to as “ Arlen of Nanuet ,et cmo ”) following appeals to the Court of Appeals, as well as the further direction of the Clerk of the Court of Claims to re-enter a separate judgment and a separate bill of costs in each of the claims.
Claimants Siegel et al were the fee owners of certain real property appropriated by the State, the seizure of which gave rise to the subject litigation. A separate suit was filed by claimants Arlen of Nanuet et ano, the tenants of the property involved. Thereafter the State on June 2, 1964 moved for an order consolidating these claims which was opposed by claimants Siegel et al and claimants Arlen of Nanuet et cmo. However, the Court of Claims (Simon, J.) in an order dated June 8, 1964 denied) this motion but ordered that the claims of Siegel et al and Arlen of Nanuet et ano be “ tried jointly with separate judgments to be entered as to each claimant.”
On June 22, 1964 claimants Arlen of Nanuet et ano filed a notice of appeal from the foregoing order of the Court of Claims to the extent that it ordered joint trials. The Appellate Division, Third Department, by order entered November 2, 1964 unanimously affirmed the order of the Court of Claims (22 A D 2d 722).
After completion of the joint trial of the two claims, separate judgments were entered, with the State filing a separate notice of appeal from each judgment. The Appellate Division, Third Department, by separate orders affirmed the award to claimants Siegel et al and modified the award to claimants Arlen of Nanuet et ano. Accordingly, the Court of Claims entered a separate judgment in each claim. Again separate notices of appeal were filed by the State.
However, subsequent to the determination by the Court of Appeals that each claim be retried, the Clerk of the Court of Claims entered one judgment with a single bill of costs. Claimants Siegel et al allege in their affidavit that this entry of one judgment with a single bill of costs purporting to bind both claimants Siegel et al and Arlen of Nanuet et cmo was contrary to the order of the Court of Claims dated June 8, 1964 as affirmed by the Appellate Division, as well as highly prejudicial since, among other reasons, there is an undivided bill of costs.
Claimants Arlen of Nanuet et ano in opposition contend that claimants Siegel et al have heretofore moved before the Court of Appeals to reargue the appeal and to amend the *181 remittitur so as to provide for the entry by said court of separate orders of reversal so that separate judgments could be entered by the Court of Claims, which motion was in all respects denied. In essence, claimants Arlen of Nanuet et ano feel that this motion seeks to obtain by indirection relief that has heretofore been denied by the Court of Appeals.
In a reply affidavit claimants Siegel et al allege that following the denial of claimants’ application to the Court of Appeals, the Clerk of the Court of Appeals advised claimants that the court believed amendment of the remittitur in the Court of Appeals to direct separate judgments was unnecessary because this relief was available in the Court of Claims.
This view that a trial court has the power to correct a judgment is clearly justified by the provisions of CPLR 5019 which in relevant portion provides as follows:
“ (a) Validity and correction of judgment or order. A judgment or order shall not be stayed, impaired or affected by any mistake, defect or irregularity in the papers or procedures in the action not affecting a substantial right of a party. A trial or cm appellate court may require the mistake, defect or irregularity to he cured.” (Emphasis added.) (See generally, 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par 5019.05.)
Since it is clear that this court has the power to grant separate judgments, the only question remaining is whether this power should be exercised and separate judgments and costs awarded. The answer is readily apparent once we have studied the method by which claimants Siegel et al and Arlen of Nanuet et ano have proceeded.
Despite claimants’ objection the respective causes of action were determined at a joint trial. This is to be distinguished completely from a consolidation for at each stage of the litigation the disposition of each claim has been separate in order to preserve the independence of each claim. The difference is not merely one of nomenclature and has been analyzed by Justice Levy in the following terms:
‘1 The provision for simultaneous trials may be likened to monovular twins — conceived together (‘ growing out of the same set of facts ’), separated after birth (by the institution of separate actions) and now living apart. The court, has brought them together to live in the same household, but only for a while, for after the joint trial they will be separated once again, to go their individual ways. On the other hand, the provision for genuine ‘ consolidation ’ is more fundamental, somewhat like Siamese twins — legislatively begotten and judicially midwifed. In normal circumstances, they are expected *182 to be continued that way without later operative procedures for the purposes of separation after the joinder had appeared to serve its own purpose. And, legally and physiologically, each type of progeny should be recognized for what it is.” (Vidal v. Sheffield Farms Co., 208 Misc. 438, 439-440.)
The end result of a joint trial is clear.
“ A joint trial preserves the integrity of the several actions, requires a separate decision or verdict, as the case may be, and several judgments, with the costs of the particular action in each case. (Vidal v. Sheffield Farms Co., 208 Misc. 438.) ” (Padilla v. Greyhound Lines, 29 A D 2d 495, 497; emphasis added.)
Hence, the terms of CPLB, 8104 which provide, in part, that costs in two or more actions which are consolidated shall be awarded as if they had been instituted as a single action, are inapplicable since, as previously mentioned, no consolidation has taken place. ‘ ‘ Absent an order of consolidation, a bill of costs is available in each action, even though the actions may be tried together.” (8 Weinstein-Korn-Miller, N. Y. Civ. Prae., par. 8104.01.)
Thus the court finds that the entry of a single judgment purporting to bind both claimants Siegel et al and claimants Arlen of Nanuet et ano was erroneous and pursuant to CPLB 8108 further directs an apportionment of the costs between the claimants.