■ JOSEPHINE SANCHEZ, Respondent, v EDWARD J. SANCHEZ, Defendant, and ELBA V. SANCHEZ, Appellant.—Appeal by Elba Vega Sanchez from an order of the Supreme Court, Queens County, dated July 23, 1979, which, after a hearing, denied her motion, *inter alia,* to vacate the "alleged service of the summons" on defendant and to set aside the

default judgment entered against defendant in 1963. Order reversed, without costs or disbursements, and matter remitted to Special Term for further proceedings consistent herewith. Edward Sanchez died intestate in Puerto Rico on July 2, 1977. His first wife, Josephine Sanchez, and his second wife, Elba Sanchez, each petitioned the Puerto Rican court, as decedent's widow, to have herself declared his heir. That proceeding in Puerto Rico was subsequently held in abeyance pending a determination in this forum of a challenge by Elba Sanchez to a 1963 New York judgment declaring decedent's Mexican divorce from his first wife invalid. On April 20, 1960 Edward Sanchez filed for a divorce from his first wife in Ciudad Juarez, Mexico. He then married his second wife on the very same day, even though his judgment of divorce was not issued until July 7, 1960. Thereafter, on March 1, 1963, the decedent's first wife obtained a default judgment against him in New York Supreme Court, declaring that the Mexican divorce was "null and void" and that the marriage between the parties was "valid and subsisting". It is that default judgment which Elba Sanchez moved to vacate in the instant proceeding. She claimed that Edward Sanchez was never served in that action, and thus the Supreme Court was without jurisdiction to proceed therein (see CPLR 5015, subd [a], par 4). Special Term held an evidentiary hearing on the issue of whether Edward Sanchez was served with notice of the declaratory judgment action. After the hearing, however, the court decided that it was unnecessary to reach the merits of that issue, having concluded that Elba Sanchez was not an "interested person" under CPLR 5015, and thus lacked standing to make the instant application for a vacatur of the 1963 default judgment. Special Term's opinion was based on the finding that Elba and Edward Sanchez, having married prior to the issuance of the judgment divorcing Edward from his first wife, had entered into a bigamous marriage, which was void *ab initio* and, therefore, was neither ratified nor validated by the subsequent divorce decree. It held that notwithstanding the validity or invalidity of the 1963 default judgment, the rights of Elba Sanchez would not be affected since her marriage to Edward Sanchez would remain void. We reverse. The marital status of Edward and Elba Sanchez was not an issue to be reached in this proceeding. That question is to be decided by the Puerto Rican court. And yet, the New York judgment declaring the Mexican divorce of Josephine and Edward Sanchez a nullity, stands as an impediment to any declaration by Puerto Rico that the marriage between Elba and Edward Sanchez was valid. Consequently, it is clear that the rights of Elba Sanchez will be affected by a decision on the merits of her application to vacate that 1963 New York judgment. Under CPLR 5015, she was therefore an "interested person" and had standing to make the instant motion. (See *Oppenheimer v Westcott*, 47 NY2d 595.) Accordingly, the matter is remitted to Special Term for the purpose of making findings of fact and conclusions of law, based upon the evidence previously adduced, on the issue of whether Edward Sanchez ever received notice of his first wife's action for a declaratory judgment, and for the entry of an appropriate judgment thereon. Should it be determined that further proof is required on this issue, Special Term shall reopen the hearing. Lazer, J. P., Mangano and Gibbons, JJ., concur.

Cohalan, J., concurs in the result, with the following memorandum: Although I agreed with by brethen that the matter should be remitted to Special Term for the purpose of completing the record by making

findings of fact and conclusions of law, I do not concede that Elba "Sanchez" has standing in this matter, nor that Special Term erred in its decision. Elba's statement in the record in response to the question: "Q. Did you know that Mr. Sanchez went to Juarez [Mexico] to get a divorce on April 20 of 1960? A. No, sir", defies credulity, and the response to the following question: "Q. Did you know that he obtained a divorce dated July 7, 1960? A. I never saw those papers", was, at best, an artful evasion. Why would a Venezuelan national — as she was — go to Mexico to be married on April 20, 1960 on the same day Sanchez appeared there in his quest for a divorce if she did not know of his plans to get the sought-for divorce? She was surely aware of the fact that he was not a citizen or resident of Mexico. Furthermore, if she is not Edward's widow, what standing does she have to petition for letters of administration in Puerto Rico? If her marriage on April 20, 1960 was bigamous, then it was void. And if it were merely voidable in that either the divorce was not granted or the judgment entered until after the purported marriage on April 20, 1960, she did nothing in Mexico to remove the impediment before Edward died, and has done nothing since his demise on that precise question. Elba cannot have it both ways. If the marriage was void, she has no rights of viduity. If she should now claim a common-law marriage, she is not only being inconsistent with her prior position, but cannot establish a common-law relationship, as such a liaison is not recognized in Puerto Rico. As to establishing a common-law relationship superimposed on the prior claim of a ceremonial marriage, see *Taegen v Taegen* (61 NYS2d 869, affd 272 App Div 871). There, Special Term noted (p 874): "The question which remains is whether mere continuance of cohabitation after removal of the impediment makes a valid marriage even though there were [sic] in fact no matrimonial agreement after the impediment was removed", to which it answered in the negative. Thus, in my view, a remand to Special Term, except to sanitize the record, is an exercise in futility. Moreover, to hold a hearing now on the traverse, almost two decades after service was effected in the declaratory judgment action commenced by Josephine on January 17, 1961, is unfair. There should be a statute of repose on such a matter which is essentially a stale claim being prosecuted by Elba (see *Schmidt v Merchant's Desp. Transp. Co.,* 270 NY 287, 302).