■ FRED LEIST, Respondent, v JOHN VOLINI, Appellant. — In a holdover proceeding to recover possession of a residential apartment, the tenant appeals, by permission, from an order of the Appellate Term, Second and Eleventh Judicial Districts, dated February 18, 1982, which reversed an order of the Civil Court, Kings County (Andreacchi, J.), entered May 1, 1981, which had granted his motion to set aside a stipulation and vacated a judgment, and denied the motion. Order affirmed, with costs. In August, 1979, petitioner landlord (landlord) commenced the instant proceeding to recover possession of the appellant's rent-stabilized apartment on the basis that, in good faith, he needed the apartment for his mother. During the course of the proceedings, appellant, acting on the advice of counsel, entered into an oral stipulation with the landlord in open court by which the appellant agreed to vacate the apartment and the landlord agreed to waive several months' rent. Judgment was then entered in favor of the landlord on September 11, 1979, awarding him possession of the apartment as of December 31, 1979. Approximately one year later, in August, 1980, the appellant moved to set aside the stipulation and vacate the judgment of possession on the ground that the landlord's mother never became a bona fide resident of the apartment. The court granted the motion, set aside the stipulation and ordered that the appellant be restored to possession. On appeal, the Appellate Term reversed the order on the basis that the appellant could only obtain relief by means of a plenary action. While we concur in the Appellate Term's reversal of the order setting aside the stipulation and judgment entered thereon, we do not agree that a plenary action was necessary. CPLR 5015 provides, *inter alia,* that "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of * * * fraud, misrepresentation, or other misconduct of an adverse party" (subd [a], par 3). Therefore, the court had broad inherent power to relieve the appellant from the judgment (see *Oppenheimer v Westcott*, 47 NY2d 595). There is insufficient evidence in the record, however, to support the appellant's claim that the landlord was guilty of fraud or misrepresentation. While the testimony is in conflict as to whether the landlord's mother actually took up residence in the apartment in question, the record fails to establish that *it was never intended* that she would move into the apartment. To the contrary, the record indicates that just prior to the time when she was to assume occupancy of the apartment she fractured her arm while visiting her daughter in Baltimore. This necessitated her remaining in Baltimore under a doctor's care for a period of time. The landlord contended that his mother actually did take up residence in the apartment in February, 1980 and introduced evidence, including Social Security checks mailed to her at that address, as proof of her residence. Thereafter, due to her advanced age, she developed complications and was forced to return to Baltimore, where she died

in December, 1980 during the pendency of the instant application. Under these circumstances, a finding that the landlord was guilty of fraud or misrepresentation is unwarranted. O'Connor, J. P., Bracken, Brown and Niehoff, JJ., concur.