OPINION OF THE COURT
Anthony J. Ferraro, J.
This motion and cross motion were referred to the undersigned on May 31, 1983.
The motion is made by the former attorneys for the plaintiff to correct or vacate certain portions of the judgment of divorce. (CPLR 5019, 5015.)
The cross motion is made by plaintiff’s present attorney for summary judgment but in a separate action wherein he seeks to dismiss the third-party complaint.
The cross motion is improperly made in this action and is therefore dismissed.
Plaintiff and defendant entered into a separation agreement on October 28, 1977 which contained the following clauses:
*932 “Sixth * * *
“(d) Husband agrees to pay the premiums for and keep in force standard Blue Cross and Blue Shield medical insurance or equivalent insurance for both himself and his wife and children * * *
“Eighth:
“Nothing herein contained shall be construed to prevent either of the parties hereto from instituting an action for absolute divorce against the other. The terms of this agreement shall not be questioned by the parties hereto in any such action or proceeding but shall continue to bind the parties and if incorporated in any such decree or judgment shall be deemed to survive such decree and shall not become merged therein.”
Plaintiff thereafter commenced an action for divorce based upon the separation agreement. The action appeared for trial before the undersigned on September 6, 1979. After a conference between the parties, their attorneys and the court, a stipulation of settlement was placed on the record and the divorce was granted.
The stipulation referred to the separation agreement and made certain modifications thereof and additions thereto. With reference to medical coverage the stipulation included the following clause: “The husband presently is covered along with the wife, by a major medical insurance policy, we believe issued by the Etna [sic] Insurance Company, which policy is provided by his employer. The husband agrees to cooperate with the wife in ascertaining if the policy’s coverage relative to the wife is convertible for the wife’s benefit, and if said policy is so convertible, the husband agrees to cooperate in effecting the conversion of said policy to continue to cover the wife at the wife’s cost and expense. No representation is made on the record by the husband that the policy is so convertible. He will ascertain whether it is or not.”
The stipulation made no mention of standard Blue Cross and Blue Shield for either the wife or the children.
Defendant’s attorney thereafter prepared a judgment of divorce, which contained the following decretal paragraphs:
*933 “ordered, adjudged and decreed, that defendant shall pay the premiums for and keep in force standard Blue Cross and Blue Shield medical insurance or equivalent insurance for himself and both infant issue of the marriage, and it is further
“ordered, adjudged and decreed that defendant shall be under no obligation whatsoever to pay the premiums for or keep in force any Blue Cross, Blue Shield or medical insurance of any nature whatsoever for the plaintiff. However, the defendant shall cooperate with the plaintiff in ascertaining if the defendant’s major medical insurance policy which is currently in effect can be convertible for the plaintiff’s benefit and if said policy is so convertible, the defendant agrees to cooperate in effecting the conversion of said policy to continue to cover the plaintiff at the sole cost and expense of the plaintiff. No representation has been made by the defendant that said policy is so convertible.”
The judgment further decreed that the separation agreement, except as modified by the stipulation, would be incorporated in and survive the judgment of divorce.
Plaintiff’s former attorney waived notice of settlement and consented to the form of the judgment which was thereupon signed and entered on November 13, 1979.
Plaintiff thereafter required hospitalization and became aware for the first time that her husband had discontinued her standard Blue Cross/Blue Shield coverage. She thereupon commenced a malpractice action against her former attorney alleging his failure to review the judgment which excluded the obligation to provide Blue Cross/Blue Shield coverage for her.
The former attorney contends upon this motion that the decretal paragraph in the judgment which eliminated the obligation to provide Blue Cross/Blue Shield coverage for the plaintiff wife was contrary to the separation agreement and the stipulation of settlement and was erroneously inserted either through the misunderstanding or the deception of defendant’s attorney.
The defendant’s attorney counters that the major medical clause in the stipulation superseded the Blue Cross/Blue Shield requirement of the separation agreement and *934 defined the entire medical obligation of the defendant husband.
There is a clear and unequivocal distinction between standard Blue Cross/Blue Shield and major medical coverage. The former provides primary and basic coverage whereas the latter provides secondary and excess coverage. Such distinction is well known and recognized not only in medical circles but by the general public as well. The separation agreement specifically provided for standard Blue Cross/Blue Shield coverage for both the wife and the children. The stipulation of settlement which modified the separation agreement in other respects did not touch the Blue Cross/Blue Shield clause either as to the wife or the children. A reference in the stipulation to major medical benefits for the wife cán by no stretch of legal construction or reasonable implication be deemed to wipe out basic Blue Cross/Blue Shield benefits already provided for in the separation agreement. The court cannot by decree change the clear and unequivocal agreement to provide these benefits. Any decretal paragraph which is contrary to the expressed agreement of the parties would be improper and illegal.
It is the responsibility of the court to interpret written instruments. (4 Williston, Contracts [3d ed], § 601, p 303.) This is obviously the rule where there is no ambiguity. (Hartford Acc. & Ind. Co. v Wesolowski, 33 NY2d 169,172; Bethlehem Steel Co, v Turner Constr. Co., 2 NY2d 456.) When the instrument is plain and unambiguous, circumstances extrinsic to the instrument will not be considered, as the intention of the parties can be gathered from the instrument itself. (West, Weir & Bartél v Carter Paint Co., 25 NY2d 535, 540; Stone v Goodson, 8 NY2d 8, 13; Bethlehem Steel Co. v Turner Constr. Co., 2 NY2d 456, supra; Heller & Henretig v 3620-168th St., 302 NY 326; General Phoenix Corp. v Cabot, 300 NY 87, 92; Johnson v Western Union Tel. Co., 293 NY 379, 387; Federal Deposit Ins. Corp. v Herald Sq. Fabrics Corp., 81 AD2d 168, 180.)
The court is aware of the fact that CPLR 5019 authorizes correction of only mistakes, defects or irregularities which do not affect a substantial right. In the case at bar the proposed correction does involve a substantial right and *935 does not come within the purview of CPLR 5019. (Herpe v Herpe, 225 NY 323, 327; Szabo v Szabo, 71 AD2d 32, 35.)
CPLR 5015 provides for vacation of judgments or portions thereof when obtained by fraud, misrepresentation or misconduct of an adverse party. Defendant contends that the movants who were not parties to the action have no standing to maintain this application. The court cannot agree with this contention. Certainly the attorney who has been subjected to a malpractice action by reason of the alleged fraud, misrepresentation or misconduct is an “interested person” within the meaning of CPLR 5015 (subd [a]). The moving party has an interest to be served and needs court intervention to avoid injustice. Such interest and need justifies intervention. (Oppenheimer v Westcott, 47 NY2d 595, 602; Sanchez v Sanchez, 79 AD2d 651, 652.) Furthermore, the defendant resides in Saudi Arabia and his appearance before the malpractice court may not be possible, thereby frustrating the court’s opportunity to hear and decide all of the issues concerning the correction of the divorce judgment. The movants therefore have a legitimate interest in having the instant application determined on the merits to preclude the possible perpetration or perpetuation of an injustice. The determination will necessarily involve not only past and present rights but also substantial future rights and liabilities not only of the parties but of the moving attorney as well.
The question then arises as to whether the judgment was obtained by the fraud, misrepresentation or misconduct of an adverse party. It is obvious to the court that the separation agreement provided for the standard Blue Cross/Blue Shield coverage for the wife. It is also obvious that the stipulation of settlement did not touch this coverage. If there had been any intention to eliminate this basic coverage it could have been plainly and simply expressed in the stipulation of settlement. In view of the failure to mention the Blue Cross/Blue Shield for either the wife or the children in the stipulation the court finds it difficult to justify the conduct of defendant’s attorney in including such coverage for the children but excluding it for the wife. There is no basis in the record to justify the distinction imposed by defendant’s attorney.
*936 In any event it is not necessary to find fraud, misrepresentation or misconduct to correct the judgment at bar. Courts have traditionally had inherent power to grant relief from judgments in the interests of justice and in the exercise of discretion. (Government Employees Ins. Co. v Employers Commercial Union Ins. Co., 62 AD2d 123; Rhulen-Inmoor, Inc. v Rivera, 61 AD2d 1116; Mansfield State Bank v Cohn, 107 Misc 2d 1078; Siegel v State of New York, 64 Misc 2d 179.)
The judgment herein does not contain the clear intention expressed by the parties in the separation agreement and the stipulation of settlement. The fact that the erroneous judgment was consented to by the plaintiff’s former attorney does not necessarily bind the plaintiff. She obviously did not consent to the elimination of the standard coverage and gave her attorney no authority to consent thereto.
In any event the consent is not binding upon the court which must rise to the occasion and correct its judgment in the exercise of sound discretion and in the interests of justice.
The motion is granted and the decretal clause which excluded standard Blue Cross/Blue Shield coverage for the wife is deleted.