■ EUGENIE NICHOLAS, as Administratrix, Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent, and CITY OF NEW YORK, Defendant and Third-Party Defendant-Respondent, et al., Defendants. ERIE CONDUIT CORP., Third-Party Defendant-Appellant. — In a wrongful death action, plaintiff Eugenie Nicholas and third-party defendant Erie Conduit Corporation separately appeal from an order of the Supreme Court, Kings County (Spodek, J.), dated February 1, 1982, which denied their motion, in effect, to vacate a judgment of the same court, dated September 16, 1981. ¶ Order reversed, on the law, with one bill of costs, motion granted, and the judgment of the Supreme Court, Kings County, dated September 16, 1981, is vacated to the extent of deleting the final paragraph thereof and substituting the following provisions: (1) that the plaintiff recover of the defendants Consolidated Edison Company of New York, Inc., and the City of New York the principal sum of $365,000; (2) that third-party defendant Erie Conduit Corporation must indemnify defendant and third-party defendant the City of New York for all liability in this case; (3) that defendant and third-party defendant the City of New York and defendant and third-party plaintiff Consolidated Edison Company of New York, Inc., upon full satisfaction of the award to plaintiff, shall recover of the other the excess of any amount actually paid by either of them to plaintiff in excess of its proportionate share of the principal

sum of $365,000; and (4) that Consolidated Edison Company of New York, Inc., and Erie Conduit Corporation, upon full satisfaction of the award to plaintiff, shall recover of the other the excess of any amount actually paid by each of them to plaintiff in excess of its proportionate share of the principal sum .of $365,000. ¶ This is a wrongful death action arising from the electrocution death of plaintiff's decedent, who was an employee of Erie Conduit Corp. The parties settled the case for the principal sum of $365,000 and agreed to permit the jury to apportion culpability among the employer, Consolidated Edison Company of New York (Con Edison) and the City of New York. The jury answered the submitted interrogatories by absolving plaintiff's decedent of any contributory negligence, finding the employer, Con Edison and the city liable for decedent's death, and apportioning the contributory fault of each as 60%, 10% and 30%, respectively. The trial court then granted the city's motion to declare the employer Erie Conduit Corp. contractually obligated to indemnify it for any loss. ¶ The judgment dated September 16, 1981, did not, however, set forth the parties' respective rights and liabilities as determined by the jury's verdict and the court's ruling with respect to the city's motion for indemnification. Instead, the trial court, in effect, netted out the liabilities so that the city was absolved from any liability to plaintiff or the culpable parties, Con Edison was held liable in contribution only for its proportionate share of the entire $365,000 sum, and the employer was held liable in contribution for both its and the city's proportionate shares of that entire sum. ¶ Accordingly, the employer, joined by plaintiff, moved to "resettle" the judgment. The court denied the motion, and this appeal ensued from the resulting order. ¶ Clearly, the judgment signed by the trial court improperly reduced the parties' rights and liabilities by applying each party's apportioned culpability to the agreed-upon sum .of damages ($365,000) and adding the city's liability to the employer's liability. The judgment was clearly contrary to the jury verdict and the court's ruling and prejudiced plaintiff's right to recover, at her election, the full amount of the damages from either or both of the main defendants, Con Edison and the city, and improperly authorized her to recover against decedent's employer. It likewise impermissibly made absolute the rights of the defendants and third-party defendants to recover over against each other in contribution or contractual indemnification any loss suffered upon payment of their apportioned share of damages to plaintiff. (See *Klinger v Dudley,* 41 NY2d 362; *Mennis v Westchester County Playland Comm.,* 87 AD2d 862, mot for lv to app dsmd 57 NY2d 772; *Schlimmeyer v Yurkiw,* 50 AD2d 616.) ¶ Although denominated a "motion to resettle" the parties' motion, which sought to alter the September 16, 1981 judgment in its decretal provisions, was in essence a motion to vacate the judgment (see *Herpe v Herpe,* 225 NY 323, 327; *Corn Exch. Bank v Blye,* 119 NY 414, 417; *Foley v Roche,* 68 AD2d 558, 566-567; *Matter of Bausch,* 281 App Div 544, 545) and should have been treated as such (see CPLR 103, subd [c]; *Matter of Phalen v Theatrical Protective Union No. 1,* 22 NY2d 34, cert den 393 US 1000). Accordingly, in furtherance of justice, we treat the parties' motion as one to vacate the judgment (see CPLR 5015) and hold that the trial court should have exercised its inherent power to grant that motion to the extent of vacating the final paragraph of the judgment and substituting therefor provisions reflecting the parties' rights and liabilities as fixed by the jury verdict and its own ruling (see *Ladd v Stevenson,* 112 NY 325, 332; *Government Employees Ins. Co. v Employers Commercial Union Ins. Co.,* 62 AD2d 123, 127; *Flanson Realty Corp. v Workers' Unity House,* 229 App Div 179, 183; 5 Weinstein-Korn-Miller, NY Civ Prac, par 5015.12). Mangano, J. P., Bracken, O'Connor and Niehoff, JJ., concur.