■ GLORIA JAKOBLEFF, Respondent, v WILLIAM JAKOBLEFF, Appellant. — In a matrimonial action, the defendant husband appeals from so much of an order of the Supreme Court, Westchester County (Ferraro, J.), entered July 6, 1983, as granted the motion of Julius Cohn and Cerrato, Sweeney and Cohn (movant attorneys), the attorneys who formerly represented the plaintiff wife, to correct nunc pro tunc or to vacate a provision of a judgment of divorce dated November 13, 1979 relieving him of the obligation of providing medical insurance for the plaintiff wife.

Order reversed, insofar as appealed from, on the law and the facts and as a matter of discretion, without costs or disbursements, and motion denied.

The facts regarding the background of the instant matter are accurately stated in the memorandum decision of Special Term (*see, Jakobleff v Jakobleff*, 119 Misc 2d 931). We conclude, however, that Special Term improvidently exercised its discretion, under the circumstances at bar, by granting the application of the movant attorneys pursuant to its inherent power to vacate or modify a judgment in the interest of justice. CPLR 5015 (a) provides that "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any *interested person* with such notice as the court may direct" (emphasis supplied). An "interested person" who has standing to bring a motion to vacate or modify a judgment or order has been defined, as follows: "To seek relief from a judgment or order, all that is necessary is that some legitimate interest of the moving party will be served and that judicial assistance will avoid injustice" (5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.15, at 50-252, cited with approval in *Oppenheimer v Westcott*, 47 NY2d 595, 602; *see also, Sanchez v Sanchez*, 79 AD2d 651, 652).

However, "[i]f the court believes that the person requesting the setting aside of the judgment or order is not a proper person to raise the issue, it should refuse to grant the requested relief" (5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.15 at 50-252). The movant attorneys, who were defendants in a legal malpractice action brought by plaintiff alleging that their negligence in failing to review the proposed judgment of divorce submitted by defendant's attorney was a major cause of the loss of her medical insurance, do not have a "legitimate interest" which will be served by the intervention of the court to grant relief from the divorce decree, either pursuant to the statutory grounds enumerated in CPLR 5015 (a) or by invoking its inherent power to do so in the interest of justice. We find it significant that plaintiff, whose legitimate interests are at stake in this matter, has not sought the modification of the health insurance provision in the divorce decree. Nor has she submitted a brief on the instant appeal. Her legal malpractice action against the movants has been settled.

We also disagree with the conclusion of Special Term that the movants have standing to seek modification of the divorce decree, as they had been subjected to plaintiff's legal malpractice action by reason of "fraud, misrepresentation, or other misconduct" by defendant or his attorneys (CPLR 5015 [a] [3]; *Jakobleff v Jakobleff,* 119 Misc 2d 931, 935, *supra*). The movants have failed to present sufficient evidence of instances of fraud, misrepresentation or misconduct by defendant or his attorneys which would justify the granting of their application to modify the divorce decree pursuant to CPLR 5015 (a) (3) (*see, Leist v Volini,* 91 AD2d 990; *see also, Hutt v Lumbermens Mut. Cas. Co.,* 95 AD2d 255, 257-258; *cf. Oppenheimer v Westcott,* 47 NY2d 595, 604, *supra* [party seeking to vacate default judgment pursuant to CPLR 5015 (a) (3) established that plaintiff who procured the judgment was guilty of misconduct by withholding important information from the court]).

The other statutory grounds for relief from a judgment or order set forth in CPLR 5015 (a) are also inapplicable at bar. Special Term correctly concluded that the instant case does not come within the purview of CPLR 5019 (a), as the modification sought by the movant attorneys does not involve the correction of a "mistake, defect or irregularity" in the judgment and affects a "substantial right of [the] party" defendant (*see, Jakobleff v Jakobleff, supra,* pp 934-935; *see also, Mansfield State Bank v Cohn,* 58 NY2d 179, 182-183). Although the courts possess inherent discretionary power to grant relief from a judgment or order in the interest of justice (*see, Nicholas v Consolidated*

*Edison Co.,* 100 AD2d 957, 958; *Luna Baking Co. v Myerwold,* 69 AD2d 832; *Government Employees Ins. Co. v Employers Commercial Union Ins. Co.,* 62 AD2d 123, 127; *Rhulen-Immoor, Inc. v Rivera,* 61 AD2d 1116; *Machnick Bldrs. v Grand Union Co.,* 52 AD2d 655), this extraordinary relief is not appropriate under the circumstances at bar. The movant attorneys have failed to show that they have legitimate interests which will be protected by modification of the divorce decree, nor have they set forth a reasonable excuse for their inordinate delay of over three years in making their application. Mollen, P. J., Bracken, O'Connor and Niehoff, JJ., concur.