■ Peter Schellenberg et al., Respondents, v Leona E. Wiemann et al., Defendants, and Allstate Insurance Company, Appellant.—In a negligence action to recover damages for personal injuries, etc., Allstate Insurance Company (the insurer of the defendants Leona Wiemann and John Sakic) appeals from an order of the Supreme Court, Queens County (Miller, J.), dated April 18, 1985, which denied its motion to vacate the default judgment entered against the defendant Sakic.

Order affirmed, with costs.

This action arose out of an accident which was allegedly caused by the defendant Sakic while he was operating an automobile owned by the defendant Wiemann. On or about November 10, 1979, after the action was commenced, Allstate Insurance Company (hereinafter Allstate) informed Sakic that it did not believe that it was obligated to defend him under either the policy it had issued to Wiemann or the policy it had issued to Sakic, and declined to do so. A default judgment was subsequently entered against the defendant Sakic in the principal amount of $600,000. Sakic and the plaintiffs thereafter entered into a settlement agreement whereby Sakic assigned his "bad faith" rights against Allstate to the plaintiffs, and the plaintiffs agreed not to seek enforcement of the default judgment against him. The plaintiffs apparently brought suit against Allstate, asserting Sakic's bad-faith claim. Allstate now seeks vacatur of the default judgment against Sakic, contrary to his expressed desire to let the judgment stand.

Under the circumstances, Special Term was correct in finding that Allstate lacked standing to bring this motion to vacate the default judgment entered against Sakic. Allstate was not an "interested person" within the meaning of CPLR 5015 (a). In view of the fact that Allstate refused to defend Sakic when this action was initially brought, and that it is Sakic's expressed desire not to upset the default judgment, this is not a proper case to invoke our inherent discretionary power to grant relief from the challenged default judgment in the interest of justice (see, Jakobleff v Jakobleff, 108 AD2d 725; cf. Nicholas v Consolidated Edison Co., 100 AD2d 957, 958). Mollen, P. J., Lawrence, Kunzeman and Kooper, JJ., concur.