■ MARGARET E. HANLON, Formerly Known as MARGARET E. THONSEN, Appellant, v WILLIAM J. THONSEN, Respondent.— In a matrimonial action in which the parties were previously divorced, the plaintiff wife appeals from an order of the Supreme Court, Nassau County (Morrison, J.), dated June 26, 1987, which, after a hearing, denied her motion for leave to enter a judgment for arrears of alimony, and granted the defendant husband's cross motion to vacate so much of the judgment of divorce as directed him to pay alimony.

Ordered that the order is affirmed, with costs.

The court determined, after a hearing, that the provision respecting alimony contained in the judgment of divorce was inserted as the result of an oversight, and that no decision had in fact ever been made by the court to award alimony to the plaintiff wife. We conclude that this finding of fact is supported by the weight of the evidence. It appears that the wife's former attorney submitted a proposed judgment to the court which, in its typewritten provisions, directed the payment of $100 per week in alimony, even though there is no

evidence that the parties had in fact agreed to such a provision, or that the court had actually decided that the payment of alimony in that, or in any other amount, was in fact warranted. We credit the husband's testimony that he never agreed to pay alimony, and that his wife never asked for alimony, and that the first attempt to enforce any supposed right to alimony occurred shortly before the instant motions were made, about five years after the judgment of divorce had been signed and entered. It was not until approximately five years after the judgment had been entered that the wife, by her own admission, first discovered that it directed the payment of alimony.

Under those circumstances, we agree with the hearing court that the alimony provision contained in the judgment of divorce was not authorized by any verdict, stipulation, agreement, or decision of the court. "Where a clause is inserted in [a] judgment without authority the proper remedy is by motion to correct the judgment, and not by appeal" (Leonard v Columbia Steam Nav. Co., 84 NY 48, 55-56). In accordance with this rule, the defendant's cross motion was properly decided pursuant to the court's inherent power to vacate judgments in the interest of justice (see, CPLR 5015 [a]; see also, Corn Exch. Bank v Blye, 119 NY 414; Ladd v Stevenson, 112 NY 325, 332; Nicholas v Consolidated Edison Co., 100 AD2d 957; Stormville Mountain Homes v Zurhorst, 35 AD2d 562; Jakobleff v Jakobleff, 119 Misc 2d 931, revd on other grounds 108 AD2d 725; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.12; 9 Carmody-Wait 2d, NY Prac, Judgments, § 63:175; cf., CPLR 5019 [a]; Crain v Crain, 109 AD2d 1094; Fehlhaber Corp. v State of New York, 64 Misc 2d 167, 175). This is not a case where the Supreme Court has amended its own judgment in order to correct what it perceives to be a mistake on a question of law or in the exercise of its fact-finding or discretionary powers (cf., Herpe v Herpe, 225 NY 323). Rather, this is a case where the Supreme Court properly amended a judgment so as to conform the terms of the judgment to the actual decision of the court. Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.