■ DEBORAH ANTAR, Respondent, v EDDIE ANTAR, Defendant. SOLOMON E. ANTAR, Nonparty Appellant. [669 NYS2d 62] —In a matrimonial action, nonparty Solomon E. Antar appeals from (1) an order of the Supreme Court, Kings County (Yancey, J.), dated September 12, 1996, which denied his purported application to "restore" the action to the calendar, which was, in effect, a motion pursuant to CPLR 5015 to vacate the judgment in the matrimonial action, and (2) an order of the same court (Rigler, J.), dated September 26, 1996, which, *inter alia,* granted that branch of his motion which was to vacate an order of the same court (Rigler, J.), dated July 31, 1996, which denied his earlier application to "restore" the case to the calendar.

Ordered that the appeal from so much of the order dated September 26, 1996, as granted that branch of the appellant's motion which was to vacate an order of the same court, dated July 31, 1996, which denied his earlier application to "restore" the case to the calendar is dismissed, as the appellant is not aggrieved by that portion of the order; and it is further,

Ordered that the order dated September 12, 1996, is affirmed; and it is further,

Ordered that the order dated September 26, 1996, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

Although the appellant purportedly sought to restore to the calendar the matrimonial action between the respondent and

Eddie Antar, the motion was, in effect, a motion pursuant to CPLR 5015 to vacate the judgment in the matrimonial action. We agree with the Supreme Court that pursuant to CPLR 5015, the nonparty appellant lacked standing to seek relief from the judgment in the matrimonial action (*see,* CPLR 5015 [a]). Since the appellant does not have a "legitimate interest" which will be served by the intervention of the court to grant relief from the judgment in the matrimonial action either pursuant to CPLR 5015 or by invoking its inherent power to do so in the interest of justice, the appellant cannot be deemed to be an "interested person" within the meaning of CPLR 5015 (a) (*see, Lloyd Capital Corp. v Behrmann,* 122 AD2d 783; *Schellenberg v Wiemann,* 120 AD2d 659; *see also,* 10 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.15; *cf., Oppenheimer v Westcott,* 47 NY2d 595, 602).

The appellant's remaining contentions are without merit. Sullivan, J. P., Pizzuto, Santucci and Florio, JJ., concur.