In the Matter of DUTCHESS COUNTY SUPPORT COLLECTION UNIT, on Behalf of CHRISTOPHER LABSHERE, Appellant, v ELEFTHERIA KASEKAS, Respondent. [800 NYS2d 763]—

In a support proceeding pursuant to Family Court Act article 4, the Dutchess County Support Collection Unit, on behalf of Christopher Labshere, appeals from (1) an order of the Family Court, Dutchess County (Forman, J.), dated April 9, 2004, and (2) a "corrected" order of the same court entered April 20, 2004, which denied its objections to an order of the same court (Winslow, S.M.), entered January 22, 2004, denying its motion to vacate an order of the same court (Winslow, H.E.), dated March 18, 2002, which, after a hearing, and upon the father's default, inter alia, upwardly modified the father's child support obligation to the sum of $161 per week.

Ordered that the appeal from the order dated April 9, 2004, is dismissed, without costs or disbursements, as that order was superseded by the corrected order dated April 20, 2004; and it is further,

Ordered that the corrected order dated April 20, 2004, is affirmed, without costs or disbursements.

The Family Court correctly determined that the Dutchess

County Support Collection Unit (hereinafter DCSCU) had no standing to move to vacate the previously-entered support order. Although DCSCU is authorized "to collect, account for and disburse funds paid pursuant to any order of child support or child support and spousal support issued under the provisions of section two hundred thirty-six or two hundred forty of the domestic relations law, or article four, five, five-A or five-B of the family court act" (Social Services Law § 111-h [1]) and to provide various forms of assistance to a petitioner for child support (*see* Family Ct Act § 580-307), it has no obligation to enforce an order it perceived to have been made without jurisdiction under the Uniform Interstate Family Support Act (*see* Family Ct Act § 580-507). Since DCSCU has no institutional stake, financial or otherwise, in the validity or lack of validity of the order and there is a party, the obligor, who has a clear interest in attempting to vacate the order if improper, DCSCU is not an "interested person" entitled to move to vacate the order pursuant to CPLR 5015 (a) (4) (*Lloyd Capital Corp. v Behrmann*, 122 AD2d 783 [1986]; *see Schellenberg v Wiemann*, 120 AD2d 659, 660 [1986]). H. Miller, J.P., Santucci, Spolzino and Skelos, JJ., concur.