WESTCHESTER MEDICAL CENTER, Respondent, v LINCOLN GENERAL INSURANCE COMPANY, Appellant. [921 NYS2d 88]—

The plaintiff hospital, as assignee of Bartolo Reyes, was awarded judgment against the defendant in the principal sum of $416,039.42, in this action to recover no-fault medical benefits under a contract of insurance entered into between the

plaintiff's assignee and the defendant. The defendant thereafter moved to modify the judgment pursuant to CPLR 5015 (a), belatedly asserting that the judgment exceeded the coverage limit of the subject policy due, in part, to payments previously made under the policy to other health care providers. In the order appealed from, the Supreme Court properly denied the defendant's motion to modify the judgment.

The defendant failed to specify on which of the five subdivisions of CPLR 5015 (a) its motion was based, much less establish its entitlement to relief on any of the enumerated grounds. To the extent that the defendant sought modification pursuant to CPLR 5015 (a) (2) based upon "newly-discovered evidence," the defendant failed to demonstrate that the evidence offered in support of the motion, i.e., an affidavit of an employee setting forth the policy limits and the amount of benefits paid for alleged prior claims, "was not available at the time of the prejudgment proceedings" (*Jonas v Jonas*, 4 AD3d 336, 336 [2004]; *see Sicurelli v Sicurelli*, 73 AD3d 735 [2010]).

Moreover, although courts possess inherent discretionary power to grant relief from a judgment or order in the interest of justice, this "extraordinary relief" is not appropriate under the circumstances presented (*Jakobleff v Jakobleff*, 108 AD2d 725, 726-727 [1985]; *see Selinger v Selinger*, 250 AD2d 752 [1998]). The plaintiff previously moved for summary judgment on the complaint, seeking a certain amount of benefits, in accordance with the no-fault billing statement sent to the defendant, and this Court reversed the denial of that motion and granted the plaintiff's motion for summary judgment on the complaint (*see Westchester Med. Ctr. v Lincoln Gen. Ins. Co.*, 60 AD3d 1045 [2009]). Only after the plaintiff obtained, upon this Court's order, a judgment from the Clerk of the Supreme Court, Nassau County, representing, inter alia, the amount of benefits sought in the complaint, did the defendant raise the issue of exhaustion of the policy limits. Under these circumstances, modification of the judgment in the interest of justice is not warranted.

The parties' remaining contentions are without merit. Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.

---

Motion by the respondent to dismiss an appeal from an order of the Supreme Court, Nassau County (Martin, J.), entered October 28, 2009, on the ground that the appeal is frivolous, and to impose a sanction upon the appellant and for an award of an attorney's fee. By decision and order on motion of this Court dated March 19, 2010, the motion was held in abeyance

and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition or relation thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.