In an action to recover no-fault medical benefits, the plaintiff appeals from an order of the Supreme Court, Nassau County (DeStefano, J.), entered February 27, 2012, which granted the defendant’s motion, denominated as one pursuant to CPLR 2221 (a) to modify so much of an order of the same court entered September 28, 2011, as, upon reargument, granted the plaintiffs motion for summary judgment on the complaint, and to vacate a judgment of the same court entered October 13, 2011, but which was, in actuality, one pursuant to CPLR 2221 (e) for leave to renew its prior opposition to the plaintiffs motion for summary judgment on the complaint and, in effect, upon renewal, vacated the order entered September 28, 2011, and the judgment entered October 13, 2011, and, thereupon, granted the plaintiffs motion for summary judgment on the complaint only to the extent of permitting it to recover the sum of *824 $18,620.18 from the defendant, inclusive of interest, costs, and an attorney’s fee.
Ordered that the order is reversed, on the law, with costs, the defendant’s motion pursuant to CPLR 2221 (e) for leave to renew its prior opposition to the plaintiffs motion for summary judgment on the complaint is denied, and the order entered September 28, 2011, and the judgment entered October 13, 2011, are reinstated.
The plaintiff hospital, as assignee of Alison Cassani, commenced this action to recover no-fault medical benefits from the defendant, a self-insured taxi corporation. The plaintiff moved for summary judgment on the complaint. However, the Supreme Court denied that motion on the ground that the defendant had not yet received all requested verification. The plaintiff subsequently moved for leave to reargue its motion for summary judgment. The Supreme Court, in an order entered September 28, 2011, granted leave to reargue and, upon reargument, granted the plaintiffs motion for summary judgment on the complaint, finding that the requested verification had been received. A judgment was entered on October 13, 2011, in favor of the plaintiff and against the defendant in the principal sum of $59,609.44, plus interest, costs, and an attorney’s fee. The defendant thereafter made a motion, denominated as one pursuant to CPLR 2221 (a) to modify so much of the order entered September 28, 2011, as, upon reargument, granted the plaintiffs motion for summary judgment on the complaint, and to vacate the judgment, asserting that the judgment, together with the total amount of $181,379.82 it previously paid medical providers on behalf of Cassani, exceeded its no-fault coverage of $200,000, which was the amount of coverage required by the Rules of the New York City Taxi and Limousine Commission (TLC Rules) (see TLC Rules [35 RCNY] § 58-13 [a] [1]; [d] [1] [i]). The defendant asserted that the plaintiff may only recover the sum of $18,620.18, which was the available balance of its coverage. The Supreme Court granted the defendant’s motion, and, in effect, upon renewal, vacated the order entered September 28, 2011, and the judgment entered October 13, 2011, and, thereupon, granted the plaintiffs motion for summary judgment only to the extent of permitting it to recover the sum of $18,620.18 from the defendant, inclusive of interest, costs, and an attorney’s fee.
The Supreme Court improperly granted the defendant’s motion, denominated as one pursuant to CPLR 2221 (a) to modify the order entered September 28, 2011. CPLR 2221 (a) merely provides that certain motions may be made, on notice, to the *825 judge who signed the order that is the subject of the motion. In actuality, the defendant sought to present new facts in partial opposition to the motion for summary judgment, which were not presented on the initial motion. Thus, the defendant’s motion should have been made pursuant to CPLR 2221 (e) for leave to renew its prior opposition to the motion for summary judgment, based upon new facts, and we construe it as such. However, the defendant failed to show its entitlement to that relief. The defendant failed to demonstrate “reasonable justification” for its failure to present such facts on the prior motion (CPLR 2221 [e] [3]).
The issue of partial exhaustion of the defendant’s coverage was raised for the first time after the judgment was entered, even though the plaintiff had previously moved for summary judgment on the complaint, seeking a certain amount of benefits (see Westchester Med. Ctr. v Lincoln Gen. Ins. Co., 82 AD3d 1085, 1086 [2011]). No reasonable justification was provided for the failure to raise the issue of partial exhaustion earlier.
The failure to present such reasonable justification by itself requires denial of the defendant’s motion, and, in any event, the evidence submitted in support of the motion, i.e., an affidavit of the defendant’s claims manager setting forth the policy limits and the amount of benefits allegedly paid to other medical providers, failed to establish the order in which the medical services were rendered, and the order in which the claims were received. Thus, on this record, it cannot be determined whether the defendant’s purported payments were made in compliance with 11 NYCRR 65-3.15.
Although courts possess inherent discretionary power to grant relief from a judgment or order in the interest of justice, this “extraordinary relief” is not appropriate under the circumstances presented here (Jakobleff v Jakobleff, 108 AD2d 725, 726-727 [1985]; see Westchester Med. Ctr. v Lincoln Gen. Ins. Co., 82 AD3d at 1086). Skelos, J.P, Dillon, Hall and Miller, JJ., concur.