OPINION OF THE COURT
Peters, PJ.
A 2006 order of Family Court required respondent to pay child support for her three children (born in 1985, 1987 and 1990) in the amount of $114 weekly. After respondent accrued over $30,000 in arrearages on her support obligation, petitioner obtained over $5,000 in income tax refunds due to her and disbursed them to the children’s father (see 42 USC § 664; Social Services Law §§ 111-b [15]; 111-h; Tax Law § 171-i). Respondent’s current husband then claimed that the refunds stemmed from joint tax returns and that some or all of the monies were his, obliging petitioner to repay them to the taxing authorities out of its own funds (see 42 USC § 664 [a] [3]; Tax Law §§ 171-c [3] [e]; 651 [b] [6]). Petitioner subsequently commenced this proceeding on behalf of the father and, alleging that respondent had willfully violated the support order, sought the entry of a money judgment against her for the amount of the tax refunds. Family Court determined that it lacked jurisdiction to issue such a judgment, and petitioner appeals.
While “Family Court is a court of limited jurisdiction, constrained to exercise only those powers granted to it by the State Constitution or by statute” (Matter of H.M. v E.T., 14 NY3d 521, 526 [2010]), it is empowered “to determine applications to modify or enforce judgments and orders of support” (Matter of Suffolk County Dept, of Social Servs. v Spinale, 57 AD3d 681, 683 [2008]; see NY Const, art VI, § 13; Family Ct Act §§ 115 [a] [ii]; 454 [1]). In that regard, petitioner is authorized to commence violation proceedings “on behalf of persons” who *6 receive child support pursuant to a court order (Family Ct Act § 453 [a]).* **§Petitioner’s role in enforcing child support orders is not limited to disbursing monies to the support recipient; it is also tasked with collecting those funds from the obligor and ensuring that they are properly accounted for (see Social Services Law § 111-h [1], [11]; Matter of Dutchess County Support Collection Unit v Kasekas, 21 AD3d 960, 961 [2005]). Indeed, historically, a support collection unit was authorized to file a violation petition without reference to the support recipient. The “on behalf of’ language was only added to Family Ct Act § 453 in order to clarify that the unit could prosecute as well as originate “a violation proceeding on behalf of non-public assistance individuals in receipt of child support services” (Assembly Mem in Support, 2009 McKinney’s Session Laws of NY at 1711; see L 2009, ch 343, § 4). Petitioner thus acted well within its statutory authority in commencing this proceeding to enforce a child support order that respondent had “fail[ed] to obey,” and Family Court likewise had subject matter jurisdiction to consider it (Family Ct Act § 454 [1]; see Family Ct Act § 460 [1]; Social Services Law §§ 111-c [4]; 111-g [1]).
Rose, McCarthy and Egan Jr., JJ., concur.
Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied petitioner’s objection with regard to its claim for arrearages directly owed to it; matter remitted to the Family Court of Chemung County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.

 The children subject to the order at issue here were 21 years old or older when the petition was filed and, as such, respondent’s obligation to make further child support payments had ceased. She continued to owe child support arrearages, however, and Family Court retained continuing jurisdiction to enforce the support order until it was “completely satisfied” (Family Ct Act § 451 [1]; see Matter of Layne G.G. v Kevin ED., 8 Misc 3d 857, 859 [2005]).