██ DERRICK MILLER et al., Plaintiffs, and JAZMIN BARBER et al., Respondents, v COUNTY OF SUFFOLK et al., Appellants, et al., Defendants. [34 NYS3d 134]—

In an action to recover damages for personal injuries, etc., the defendants County of Suffolk, Suffolk County Police Department, Suffolk County Sheriff Department, and Town of Islip Police Officer Lola Quesada appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Garguilo, J.), dated May 19, 2014, as granted the motion of the plaintiffs Terrell Mitchell, Jerod Herring, Monet Ariol, Sakeema Howard, and Raniesha Wilkins, which was joined in by the plaintiffs Jazmin Barber and Raasheen Bethea, to vacate so much of a judgment entered March 25, 2014, upon a jury verdict, as awarded costs and disbursements to the defendants County of Suffolk, Suffolk County Police Department, Suffolk County Sheriff Department, and Town of Islip Police Officer Lola Quesada for an appeal taken from an intermediate order, which was decided against those defendants.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this personal injury action to recover damages allegedly sustained as a result of an automobile accident between a civilian vehicle and a police vehicle driven by the defendant Town of Islip Police Officer Lola Quesada. The defendants County of Suffolk, Suffolk County Police Department, Suffolk County Sheriff Department, and Quesada (hereinafter collectively the County defendants) moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that Quesada was engaged in an emergency operation at the time of the subject collision, and that her conduct did not rise to the level of reckless disregard for the safety of others. The Supreme Court denied the motion. The County defendants appealed, and this Court affirmed, agreeing that there were triable issues of fact regarding Quezada's conduct (*see Miller v Suffolk County Police Dept.*, 105 AD3d 918 [2013]). This Court awarded one bill of costs on the appeal to the respondents, which included the plaintiffs (*see id.*).

The action proceeded to trial, and a jury ultimately found that the County defendants had no liability to the plaintiffs. The County defendants submitted a proposed judgment, which was entered by the Supreme Court on March 25, 2014. That judgment included, among other costs, $250 for the costs of the appeal, and $2,523.50 of printing costs on the appeal as disbursements. The plaintiffs Terrell Mitchell, Jerod Herring, Monet Ariol, Sakeema Howard, and Raniesha Wilkins (herein-

after collectively the moving plaintiffs), joined by the plaintiffs Jazmin Barber and Raasheen Bethea, moved to vacate so much of the judgment as awarded the County defendants costs and disbursements on the appeal. The court granted the motion in an order dated May 19, 2014. The County defendants appeal. We affirm.

Where a clause is inserted in a judgment without authority, the proper remedy is by motion to correct the judgment (*see Corn Exch. Bank of Chicago v Blye*, 119 NY 414, 417 [1890]; *Leonard v Columbia Steam Nav. Co.*, 84 NY 48, 55-56 [1881]; *Hanlon v Thonsen*, 146 AD2d 743, 744 [1989]; *cf.* CPLR 5015 [a]; *Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]). Here, the Supreme Court properly granted the moving plaintiffs' motion, as the County defendants were not entitled to recover costs and disbursements for an appeal that was decided wholly against them. Pursuant to CPLR 8101, a party in whose favor a judgment is entered is entitled to "costs in the action, unless otherwise provided by statute or unless the court determines that to so allow costs would not be equitable, under all of the circumstances" (CPLR 8101). In arguing that they are entitled to recover the costs of their unsuccessful appeal, the County defendants, in effect, incorrectly interpret "costs in the action" to mean any costs or disbursements associated with the litigation in the case. The amounts and items of costs recoverable in an action are detailed in CPLR 8201 and do not include the costs associated with any intermediate motions (*see* CPLR 8106) or appeals (*see* CPLR 8107). Significantly, CPLR 8107 expressly provides, "[t]he party in whose favor an appeal is decided in whole or in part is entitled to costs upon the appeal, whether or not he is entitled to costs in the action" (CPLR 8107), and this Court previously awarded costs against the County defendants on the subject appeal (*see Miller v Suffolk County Police Dept.*, 105 AD3d at 918). Accordingly, the County defendants were not entitled to recover the costs and disbursements (*cf.* CPLR 8301) associated with the appeal.

Contrary to the County defendants' assertion, the judgment was not entered upon the plaintiffs' default and, therefore, CPLR 5015 (a) (1) is inapplicable to the circumstances underlying the instant motion. Dillon, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.