■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS BREEDAN, Appellant, v. JOHN L. ZELKER, as Superintendent of Green Haven Correctional Facility, Respondent.— In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated April 19, 1972, which dismissed the writ. Judgment affirmed, without costs. The notice of appeal states that the appeal is taken from the decision of the Special Term. An appeal may be taken only from a judgment or an order (CPLR 5512, subd. [a]) and no appeal lies from a decision (*Casterlin* v. *Mullin*, 26 A D 2d 629; *La Barbera Contr. Co.* v. *City School Dist. of New Rochelle*, 26 A D 2d 682). However, we have the power to treat the notice of appeal as a proper one upon appeal from the judgment, in the interests of justice and exercise our power (CPLR 5520, subd. [c]). Appellant was given a three to five year sentence on May 10, 1966 and was paroled on January 29, 1968. On February 7, 1968 he was declared delinquent for violating the conditions of his parole. He had 2 years, 9 months and 24 days to serve upon his original sentence. On May 2, 1969 he was arrested for robbery in the first degree. As a result of this charge he was certified to the Narcotic Addiction Control Commission (NACC) on February 13, 1970 (Mental Hygiene Law, § 208, subd. 4, par. b). He was released on aftercare to Phoenix House on November 7, 1970 and absconded that same month. Appellant was in custody a total of 18 months on account of the charge which resulted in the NACC commitment, including jail time. On February 16, 1971 he was arrested for possession of narcotics and narcotics implements. Although these charges were ultimately dismissed,

he remained in custody from the time of that arrest and on April 19, 1971 he was returned to Green Haven Correctional Facility to serve the unexpired portion of the original sentence. In this habeas corpus proceeding appellant contends he was entitled to a credit for the 18 months' NACC commitment. Special Term dismissed the writ, holding that appellant's original sentence was interrupted before the NACC commitment and that the interruption continued until appellant was returned to an institution under the jurisdiction of the Commissioner of Correction (former Correction Law, § 218; *People ex rel. Petite* v. *Follette,* 24 N Y 2d 60). In our opinion, the judgment must be affirmed (former Correction Law, § 218; *People ex rel. Petite* v. *Follette, supra*; see, also, *Matter of Seible* v. *Oswald,* 32 A D 2d 696, mot. for lv. to app. den. 25 N Y 2d 739). Appellant's argument on this appeal is based upon the application of subdivision 3 of section 70.30 of the present Penal Law (dealing with jail time) to the facts of this case. That provision is inapplicable. Section 218 of the former Correction Law (although repealed, still effective as to offenses committed prior to the effective date of the present Penal Law [L. 1970, ch. 476, § 44]) provides, as to recaptured parole violators, for a reduction in time owed " in accordance with the provisions of section twenty-one hundred ninety-three of the [former] penal law, where applicable, but not otherwise ". Section 2193 of the former Penal Law was also repealed by the present Penal Law (§ 500.05). Nevertheless, section 2193 of the former Penal Law still applies in full force to appellant's original sentence by virtue of a general savings clause contained in subdivision 3 of section 5.05 of the present Penal Law (see, also, *People* v. *Pepples,* 32 A D 2d 1041, affd. 27 N Y 2d 785). Accordingly, appellant's right, if any, to a credit for time served in connection with the NACC commitment is governed by section 2193 of the former Penal Law. Section 2193 contains four subdivisions. Appellant has already received credit against his former sentence under subdivision 3 of this section in connection with the dismissal of the charges brought against him on February 16, 1971. Subdivision 4 of this section, dealing with vacated sentences, has no application, this situation not being present. Subdivision 1 of section 2193 deals with jail time " in connection with the charge upon which he was arrested ". As applied to incarceration upon the robbery charge culminating in the NACC commitment, subdivision 1 has no application to appellant's former sentence, now being served as a result of his return to Green Haven Correctional Facility as a parole violator (*People* v. *Kowalsky,* 2 A D 2d 938, affd. 2 N Y 2d 949; *People ex rel. Manfro* v. *La Vallee,* 33 A D 2d 947, mot. for lv. to app. den. 26 N Y 2d 613). Subdivision 2 of section 2193, dealing with incarceration " by virtue of his arrest as a parole violator," is also inapplicable because incarceration under the NACC commitment had nothing to do with appellant's status as a parole violator (*Matter of Simmons* v. *Oswald,* 16 N Y 2d 671; *People ex rel. Pollack* v. *Commissioner of Correction,* 28 N Y 2d 661). Since section 2193 of the former Penal Law is the only source for a claim for credit in this case (former Correction Law, § 218), and since appellant is not entitled to a credit under section 2193, his contention is without merit and this habeas corpus application was properly dismissed. We note, in addition, that were the present Penal Law applicable, instead of the former Penal Law, the result would be the same (Penal Law, § 70.40, subd. 3, par. [c], cl. [i]). The analogue of subdivision 2 of section 2193 of the former Penal Law is subdivision 3 of section 70.40 of the present Penal Law, not subdivision 3 of section 70.30 of the present Penal Law, as appellant contends. Subdivision 3 of section 70.30 of the present Penal Law is derived from subdivision 1 of section 2193 of the former Penal Law (see the distribution table [at p. LXXXI] in

McKinney's Cons. Laws of N. Y., Book 39 [Penal Law, §§ 1.00 to 219]). Hopkins, Acting P. J., Latham, Gulotta, Brennan and Benjamin, JJ., concur.