■ In the Matter of the City of New York, Respondent, Relative to Acquiring Title to Real Property for a Project Known as Fulton Park Urban Renewal, Phase II of Stage 1 in the Borough of Brooklyn. Marian Holding Corp., Appellant.—In a condemnation proceeding, the claimant appeals (1) as limited by its brief, from so much of a second separate and partial final decree of the Supreme Court, Kings County, dated January 15, 1973, after a nonjury trial, as fixed the amount of compensation, (2) *inter alia,* from a decision of the same court, dated April 14, 1972, which denied its motion for a new trial and (3) an order (erroneously denominated as a decision) of the same court, dated April 20, 1972, entered upon the aforesaid decision. Appeal from the decision dismissed. No appeal lies from a decision (CPLR 5512, subd [a]; *People ex rel. Breedan v Zelker,* 41 AD2d 669). Second separate and partial final decree affirmed insofar as appealed from and order affirmed. Respondent is awarded one bill of costs to cover all appeals. The award granted to the claimant is justified by the proof presented at the trial and appears to be just compensation for the claimant's loss. Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Shapiro, JJ., concur.

■ In the Matter of Howard Conklin et al., Individually and as Members of the Planning Board of the Town of Warwick, Appellants, v Town Board of the Town of Warwick, Respondent.—In a proceeding pursuant to CPLR article 78 *inter alia* to compel respondent to reinstate petitioners as members of the Planning Board of the Town of Warwick, petitioners appeal (by permission) from an order of the Supreme Court, Orange County, entered April 7, 1976, which, *inter alia,* refused to determine the proceeding on the ground that issues of fact and law were presented which required a plenary trial. Order affirmed, without costs or disbursements. The order of Special Term was properly made. We do not reach the other questions raised in the briefs. Martuscello, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.

■ In the Matter of Josephine Filippi, Respondent, v William Filippi, Appellant.—In a support proceeding pursuant to article 4 of the Family Court Act, the appeal is from an order of the Family Court, Nassau County, entered April 2, 1976, which denied, without prejudice to its renewal, the appellant husband's motion to reopen a previous hearing and for the making of a new order of support. Leave for the taking of this appeal is hereby granted. Order affirmed, without costs or disbursements. The appellant should be permitted to prove marked changes of financial circumstances on the petitioner's part, if indeed such changes do occur. Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.

■ In the Matter of Josephine Filippi, Respondent, v William Filippi, Appellant.—In a support proceeding pursuant to article 4 of the Family Court Act, the appeals are from (1) so much of an order of the Family Court, Nassau County, entered February 17, 1976, as fixed the amount of support to be paid by the appellant and (2) so much of a further order of the same court, entered March 8, 1976, as awarded a counsel fee to petitioner's attorneys. Orders affirmed insofar as appealed from, without costs or disbursements. There was a proper basis, supported by the record, for the awards of support and of a counsel fee. Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.