■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON NEWBERNS, Appellant.—Appeal from "judgment" of Supreme Court, New York County, rendered November 12, 1976, unanimously dismissed, without costs. Application by appellant's counsel to withdraw is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) Assuming, *arguendo,* that this is an appeal denying appellant's application for a writ of habeas corpus, the appeal must be dismissed since no judgment was ever entered. The application was, in point of fact, treated by the court as one for reargument of earlier motions brought by appellant in the criminal proceeding and denied. Appeals may be taken only from a judgment or order (CPLR 5512, subd [a]). What appellant is attempting is to appeal a decision, not a judgment denying a habeas corpus application. A decision is not appealable. *(People ex rel. Breedan v Zelker,* 41 AD2d 669; see CPLR 5512, subd [a].) Moreover, inasmuch as appellant pleaded guilty to the underlying charge subsequent to November 12, 1976, the date of the "judgment" appealed from, and was thereupon sentenced to probation, he can no longer assert any claim of illegal imprisonment for this court to

review. *(Matter of Goetchius v Harris,* 64 AD2d 971.) Furthermore, if this be an appeal in a habeas corpus proceeding, appellant has failed to join an essential party, the warden. Assuming it is a criminal appeal, the correctness of the ruling appealed from is not before the court because appellant has failed to appeal the judgment of conviction. An appeal from an intermediate order does not survive the entry of the final judgment. *(People v White,* 57 AD2d 536.) Finally, counsel's request to be relieved should be granted. There has been full compliance with *Saunders (supra).* The appeal is frivolous. Concur—Murphy, P. J., Lupiano, Evans, Lane and Sullivan, JJ.