■ NICHOLAS J. GRASSO, Respondent, v PHIL A. RODRIGUEZ, Appellant. — Appeal from an order of the Supreme Court at Special Term (Mercure, J.), entered October 13, 1983 in Schenectady County, which partially granted defendant's motion for a further bill of particulars.

This is an action to recover damages for breach of a contract pursuant to which plaintiff agreed to furnish all required amenities for defendant's practice of law as an associate and employee in plaintiff's law offices in return for 75% of those fees received by defendant from his own clients. The complaint contains additional causes of action seeking an accounting, specific performance and recovery of the reasonable value of services rendered. The case comes to this court through defendant's appeal from an order which partially granted his motion for a further bill of particulars. The principal issue, as limited by defendant's brief, is whether Special Term abused its discretion in holding that plaintiff was not required to furnish responses to demands Nos. 36, 47, 48 and 49, and that the response furnished to demand No. 12 was sufficient.

Initially, we reject plaintiff's contention that defendant is not a party aggrieved by the order from which this appeal has been taken. The order drawn by defendant, while admittedly less than proper in form, does recite that the court issued a written decision on the motion (see *Arena v City of New York,* 23 AD2d 847, 848). Although a decretal paragraph denying certain portions of the relief sought is absent, in the interests of justice and exercise of our power we deem defendant to be sufficiently aggrieved by the order to permit us to consider this appeal (see CPLR 5520, subd [c]; *People ex rel. Breedan v Zelker,* 41 AD2d 669).

Special Term's order should be affirmed. Examination of the record shows that the answer to demand No. 12 is sufficient to apprise defendant of what plaintiff contends constituted his demand for payment. While plaintiff's answers to demand No. 47 contain obviously general overstated sums, the elements of damage are set forth and failure to prove those amounts alleged can prejudice only plaintiff. We find the answers to demands Nos. 48 and 49 sufficient. We further find demand No. 36, which seeks itemization of the dates legal counsel was provided, the names of the cases discussed, the nature of the legal questions discussed and the nature of counsel given, to require excessive details. In sum, defendant has failed to demonstrate any abuse

of discretion by Special Term in partially denying the relief sought (see CPLR 3042, subd [d]).

Order affirmed, with costs imposed against plaintiff for failure to comply with 22 NYCRR 800.9 (b). Mahoney, P. J., Kane, Main, Weiss and Mikoll, JJ., concur.