■ DAWN GELLER et al., Appellants, v BOARD OF ELECTIONS

OF THE CITY OF NEW YORK, Respondent, and HERBERT DICKER et al., Respondents-Respondents.—In a proceeding, *inter alia,* to declare null and void "the votes, business purportedly transacted and filing which took place at, and as a result of the Kings County Committee of the Liberal Party Meeting on October 1, 1984", the appeal is from an order of the Supreme Court, Kings County (Monteleone, J.), dated July 9, 1985, which granted respondents-respondents' motion for an order "resettling" a judgment dated January 30, 1985, and struck the last paragraph thereof, permitting the district leaders and associate district leaders from the Liberal Party, Kings County, to convene and elect officers.

Order reversed, on the law, without costs or disbursements, and motion for resettlement denied.

Petitioners commenced this proceeding by order to show cause dated October 11, 1984, *inter alia,* to declare null and void the business purportedly transacted at the meeting of the Kings County Committee of the Liberal Party (county committee) on October 1, 1984.

In a judgment dated January 30, 1985, the Supreme Court, Kings County, granted the application. Justice Monteleone noted in his decision dated November 29, 1984 that as the composition of the county committee did not meet the statutory requirements, there had been no valid organizational meeting of the county committee. As a result, the 1984 Rules and Regulations of the Liberal Party of the County of Kings adopted at the meeting held on October 1, 1984 were declared invalid. The court further noted in its decision that "[s]ince the format of these rules appear to be a generic printing, with spaces to fill in the county and other minor matters, it is presumed (unless either attorney supply [*sic*] the court with a copy of the rules adopted in 1982 which provide to the contrary) that the 1982 rules are the same and * * * remain in force".

The court also noted in its decision that while there was no valid county committee, "there can be an executive committee since its membership consists of persons elected as assembly district leaders from an assembly district as a whole. The members of the executive committee may meet and elect officers".

Therefore the final decretal paragraph of the judgment dated January 30, 1985 provided: "ORDERED, ADJUDGED and DECREED, that elected district leaders and associate district leaders from the Liberal Party, Kings County, may convene

and elect officers solely from said elected district leaders and associate district leaders".

By order to show cause dated June 10, 1985, the county committee sought an order "resettling" the prior judgment. It was argued that the final decretal paragraph should be stricken as it contravened the State Rules and Regulations of the Liberal Party of New York State (State rules). By order dated July 9, 1985, the motion was granted. We reverse.

The change made by Special Term "cannot properly be denominated as resettlement, as it was not limited to correcting a technical or clerical error or to conforming the judgment with the original decision of the court (*Herpe v Herpe,* 225 NY 323, 327; *Foley v Roche,* 68 AD2d 558, 566; 2 Carmody-Wait 2d, NY Prac, par 8:125, p 142)" (*Breslow v Solomon,* 105 AD2d 824).

Nor can the motion be properly denominated one to renew. Such a motion may be based upon additional material facts which existed at the time of the making of the original argument but which were not then known to the party seeking leave to renew and were therefore not known to the court (*Caffee v Arnold,* 104 AD2d 352). In this case, the State rules were clearly known to the county committee at the time of the original motion, and there was no excuse for its failure to bring those rules to the court's attention earlier.

Further, Special Term, in its decision, did not extend to the parties an open-ended invitation to submit new material. By inserting in its decision the statement "(unless either attorney supply [*sic*] the court with a copy of the rules adopted in 1982 which provide to the contrary)" Special Term was requesting that the parties supply, prior to the entry of judgment, the 1982 Rules and Regulations of the Liberal Party of the County of Kings. Such invitation did not justify the submission of the State rules over four months after entry of the judgment.

Finally, were we to consider the present motion as one for reargument, it was clearly untimely (*Matter of Huie [Furman],* 20 NY2d 568, 572; *Foley v Roche, supra*). Thus, Special Term erred in granting the motion. Lazer, J. P., Bracken, Niehoff and Eiber, JJ., concur.