■ EUSEBIO SPINELLO, Appellant, v DIANA SPINELLO, Respondent.—In an action for divorce and ancillary relief, the plaintiff husband appeals, as limited by his notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Richmond County (McBrien, J.), dated July 22, 1985, which, *inter alia,* (1) awarded the defendant wife child support in the amount of $1,075 per month, (2) required him to return two fur coats to the defendant, (3) awarded the defendant $1,000 as repayment of marital debts, and (4) awarded the defendant $15,277 as her share of liquid assets.

Ordered that the judgment is modified, on the law, by (1) deleting from decretal paragraph 4 (d) thereof the words "and plaintiff-husband shall return the defendant-wife's two fur coats as per the stipulation of the parties", (2) deleting decre-

tal paragraph 4 (f) thereof, and (3) deleting from decretal paragraph 4 (g) the figure "15,277.00" and substituting therefor the figure "12,777"; as so modified, the judgment is affirmed, insofar as appealed from, without costs or disbursements.

On appeal, we modify the judgment in a number of respects. First, we note that the judgment erroneously required the plaintiff to return two fur coats to the defendant. The branch of the court's decision distributing marital property states in relevant part: "(C) As per stipulation, each of the parties is awarded personal property distribution as per plaintiff's Exhibit 9. The wife shall, in addition, receive all other contents of the marital residence".

The plaintiff's exhibit 9 refers to property which the wife was required to return to the plaintiff, and the wife was in possession of the contents of the marital residence. There is no mention in the record of the two fur coats or the plaintiff's possession of them. Therefore, we delete that provision of the judgment in order to make the judgment conform to the original decision of the court (cf., CPLR 5019; Geller v Board of Elections, 112 AD2d 1054, affd 65 NY2d 956; Siegel, NY Prac § 420).

Furthermore, we find that the trial court improperly ordered the plaintiff to pay the defendant $1,000 as repayment of marital debts. The factual findings of the court's decision characterize the "Master Card balance on wife's card in amount of $1,000.00 for payment of swimming pool" as marital property. Thus, in making its distribution of marital property it is clear that the direction to the plaintiff to pay $1,000 as "marital debt" is in satisfaction of the alleged outstanding debt for the swimming pool. However, this provision is in direct conflict with the wife's testimony elicited at the trial. After initially testifying that she was in the process of paying a $1,000 balance for the payment of the swimming pool, the defendant wife acknowledged that she was mistaken and had not been paying for the pool. The record is inadequate to determine whether the wife's $1,000 balance on her Master Card reflects other marital debt and we make no independent finding in this respect.

Lastly, we reduce the distributive award to the defendant by $2,500 due to the trial court's erroneous inclusion in its distribution of marital property of $5,000, held by an unrelated third party as a down payment on a car for the husband. That check was not written until October 1984 some eight months after the commencement of the action, and the funds

are not traceable to marital assets. The trial court had already included as liquid marital assets all stock accounts and bank accounts which existed at the time of commencement of the action and had awarded the wife her distributive share of those funds.

In all other respects, we conclude that the trial court's judgment, insofar as appealed from, was proper. Mollen, P. J., Thompson, Brown and Niehoff, JJ., concur.