■ ALAN LEFF, Appellant, v MARSHA Z. LEFF, Respondent. —In a matrimonial action in which the parties were divorced by a judgment entered February 22, 1974, the plaintiff husband appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Westchester County (Cowhey, J.), entered May 19, 1987, as, upon reargument and renewal, adhered to its original determination in an order dated November 19, 1985, which denied his motion for a suspension of alimony payments and for increased visitation rights and granted the defendant wife's cross motion for leave to enter a money judgment for arrears of alimony, and (2) an order of the same court (Coppola, J.), entered February 2, 1988, which denied, without a hearing, his motion for a suspension of

alimony payments owing to the defendant's alleged interference with visitation.

Ordered that the appeal from so much of the order entered May 19, 1987, as adhered to the original determination denying that branch of his motion which was for increased visitation rights is dismissed as academic; and it is further,

Ordered that the order entered May 19, 1987 is affirmed insofar as otherwise appealed from and reviewed; and it is further,

Ordered that the order entered February 2, 1988 is affirmed; and it is further,

Ordered that the defendant wife is awarded one bill of costs.

Pursuant to a separation agreement entered into in 1972 which was incorporated but not merged into the parties' 1974 judgment of divorce, the defendant wife was granted custody of their daughter and the plaintiff husband was granted extensive visitation rights. In 1974 the plaintiff moved to Albany, a location in excess of 75 miles from his daughter's residence in Scarsdale. The plaintiff requested and continued to receive visitation every other weekend in addition to visitation during holidays and during the summer from 1974 through 1983 even though he was not entitled to visitation every other weekend under the terms of the separation agreement once he moved to a location more than 75 miles from his daughter's residence. In 1983 the plaintiff and his family moved to Arizona. Subsequently, in April 1984 his daughter, then 13 years of age, visited him for what has turned out to be the last visitation to date. In May 1984 the plaintiff unilaterally and without providing any explanation, reduced the combined monthly amount of his alimony and child support payment from $1,200 to $216.71. In March 1985 the plaintiff requested and received additional visitation rights as part of a stipulation which provided for the payment of arrears of both alimony and child support. Nevertheless, the plaintiff failed to exercise the visitation to which he was entitled during Easter week the following month. He also failed to timely notify the defendant as to whether he intended to exercise visitation rights for his daughter's summer vacation that year. Moreover, he has failed to date to comply with the order to pay the alimony and child support arrears.

In an order dated November 19, 1985, the Supreme Court denied the plaintiff's motion for a suspension of alimony and increased visitation but granted the defendant's cross motion for leave to enter a money judgment for arrears of alimony

and child support. In so doing, it noted that there had been no willful disregard of the plaintiff's visitation rights as would entitle him pursuant to Domestic Relations Law § 241 to the suspension of his obligation to make alimony payments.

The plaintiff next moved for reargument and renewal, and by order entered May 19, 1987, the Supreme Court adhered to its original determination with regard to increased visitation and the suspension of alimony payments. The plaintiff again made a motion for a suspension of alimony, which the Supreme Court subsequently denied in an order entered February 2, 1988. The plaintiff now appeals from the orders entered May 19, 1987 and February 2, 1988, respectively.

The Supreme Court properly denied, without a hearing, the plaintiff's applications for a suspension of alimony. In matrimonial cases, a hearing is warranted whenever there exist disputed issues of fact *(Biegeleisen v Biegeleisen,* 124 AD2d 692). In the instant case, the plaintiff has failed to provide a factual basis for his assertion that the defendant has interfered with or withheld visitation. Accordingly, he is not entitled to an evidentiary hearing with regard to this issue. Similarly, in the absence of establishing that the defendant has interfered with or withheld his visitation, he may not rely on Domestic Relations Law § 241 to relieve him of his alimony obligation. Lastly, because the plaintiff's daughter attained the age of 18 in September 1988 the issue of whether he should be granted expanded visitation is academic. In any event, the plaintiff was not entitled to expanded visitation prior to September 1988 as he failed to exercise the expanded visitation rights which he had already been granted. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.