■ SONIA PIZZUTO, Respondent, v DONALD PIZZUTO, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Richmond County (Sacks, J.H.O.), dated January 6, 1989, as alleg-

edly failed to accurately incorporate the provisions of a stipulation of settlement entered on the record in open court on May 11, 1988.

Ordered that the appeal from subdivision (g) of the third decretal paragraph of the judgment is dismissed as academic; and it is further,

Ordered that the judgment is reversed insofar as reviewed, on the law, the seventh and ninth decretal paragraphs and subdivisions (c), (j) and (l) of the eleventh decretal paragraph are vacated, and the matter is remitted to the Supreme Court, Richmond County, for correction of the vacated portions of the judgment so that they shall accurately reflect the provisions of the May 11, 1988, stipulation; and it is further,

Ordered that the appellant is awarded one bill of costs.

The preferred remedy when a party alleges that a judgment does not accurately incorporate the terms of a stipulation is by motion in the trial court for resettlement (CPLR 5019 [a]; *Herpe v Herpe,* 225 NY 323, 327) or vacatur (CPLR 5015) of the judgment, rather than by appeal *(see, Leonard v Columbia Steam Nav. Co.,* 84 NY 48, 55-56; *Stormville Mountain Homes v Zurhorst,* 35 AD2d 562; *cf., Hanlon v Thonsen,* 146 AD2d 743; *Blaustein v Blaustein,* 145 AD2d 591; *Spinello v Spinello,* 129 AD2d 694).* However, we have examined the stipulation and judgment and find that in certain respects the latter does not conform to the former. We vacate the provisions of the judgment which, as the parties allege, vary from the stipulation of settlement, and remit the matter to the Supreme Court to make the judgment conform to the stipulation. With regard to subdivision (g) of the third decretal paragraph regarding the defendant's visitation with the parties' daughter, we note that the dispute is academic because the daughter has reached the age of majority *(see,* Domestic Relations Law § 2; *Leff v Leff,* 144 AD2d 544, 546; *see also, Anastasia v Anastasia,* 100 AD2d 740; *Adamec v Adamec,* 81 AD2d 600; *Toppel v Toppel,* 67 AD2d 628; *Silverman v Silverman,* 50 AD2d 824).* Thompson, J. P., Brown, Lawrence and Balletta, JJ., concur.