■ MORTON LEBOLT, Appellant, v JOSEPHINE LEBOLT, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals from (1) a decision of the Supreme Court, Richmond County (Felig, J.), dated October 14, 1987, which granted the defendant wife's motion to resettle a prior judgment, and (2) a resettled judgment of the same court dated October 27, 1988.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision; and it is further,

Ordered that the resettled judgment dated October 27, 1988, is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The evidence in the record establishes conclusively that the plaintiff husband stipulated to transfer title of the marital residence to the defendant wife. The original judgment of divorce dated August 9, 1972, as well as a resettled judgment of divorce dated November 9, 1972, failed to include any provision respecting the transfer of title to the house. Contrary to the arguments made by the plaintiff husband on appeal, the Supreme Court has the inherent power to correct a judgment so as to conform it to the provisions of the underlying stipulation (see, Pizzutto v Pizzutto, 162 AD2d 443; Hanlon v Thonsen, 146 AD2d 743; see also, Corn Exch. Bank v Blye, 119 NY 414; Ladd v Stevenson, 112 NY 325, 332;

*Leonard v Columbia Steam Nav. Co.,* 84 NY 48, 55-56; *Nicholas v Consolidated Edison Co.,* 100 AD2d 957; *Stormville Mountain Homes v Zurhorst,* 35 AD2d 562; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.12; 9 Carmody-Wait 2d, NY Prac, Judgments, § 63:175). The court properly exercised this power in this case. We have examined the appellant's other contention and find it to be without merit. Bracken, J. P., Brown, Kunzeman and Sullivan, JJ., concur.