■ EDWARD ISHAQ, Plaintiff, v RAVI BATRA, Appellant, et al., Defendants. JOHN CARNEY, Respondent. [624 NYS2d 836] —In an action to foreclose a mortgage, the defendant Ravi Batra appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered July 14, 1992, which, *inter alia,* confirmed the report of and discharged the temporary receiver.

■ EDWARD ISHAQ, Respondent, v RAVI BATRA, Appellant, et al., Defendants. [624 NYS2d 608] —In an action to foreclose a mortgage, the defendant Ravi Batra appeals from (1) a decision of the Supreme Court, Westchester County (Donovan, J.), entered March 23, 1989, which directed the plaintiff to submit an order striking his counterclaims, (2) a judgment of foreclosure and sale of the same court dated December 20, 1989, which is in favor of the plaintiff and against him directing, *inter alia,* that the mortgaged premises be sold, and (3) an order of the same court entered November 7, 1990, which confirmed the Referee's report and directed a hearing on the plaintiff's application for a deficiency judgment.

Ordered that on the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal from so much of the order dated November 7, 1990, as directed a hearing, and leave to appeal is granted; and it is further,

Ordered that the appeal from the decision is dismissed; and it is further,

Ordered that the judgment and the order are affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

This is a foreclosure action in which the defendant Ravi

Batra has asserted several counterclaims. On December 13, 1988, the plaintiff moved for an order granting "summary judgment on the summons and complaint and directing entry of a Judgment of Foreclosure, striking defendant Batra's answer [and] severing the counter-claims set forth in defendant Batra's answer for separate trial". In support of this motion, counsel submitted an affidavit in which he requested a severance of the counterclaims pursuant to CPLR 3212 (e). Neither the prayer for relief contained in the notice of motion nor that contained in the "wherefore" clause of counsel's affidavit sought dismissal of the counterclaims on the merits.

In a decision entered March 23, 1989, the Supreme Court directed the plaintiff to submit an order within 10 days granting not only the relief sought by the plaintiff, but also a provision "striking the * * * counterclaims" of the defendant Batra. However, the order which was ultimately signed by the court, dated April 10, 1989, did not contain a provision striking Batra's answer or dismissing his counterclaims. That order, which was not appealed from, contained but one decretal provision, i.e., a directive appointing a Referee.

On December 20, 1989, the Supreme Court issued a judgment of foreclosure and sale directing that the mortgaged premises be sold, and granting related relief. This judgment, like the prior order, is devoid of any provision disposing of the counterclaims. On November 7, 1990, the Supreme Court entered an order confirming the Referee's report and directing a hearing. Ravi Batra now appeals from the decision entered March 23, 1989, the judgment dated December 20, 1989, and the order entered November 7, 1990.

The appeal from the decision must be dismissed as no appeal lies from a decision (e.g., Galleria Assocs. v Stevens, 208 AD2d 590; Schicchi v Green Constr. Corp., 100 AD2d 509; People ex rel. Breedan v Zelker, 41 AD2d 669; Haftel v Appleton, 21 AD2d 651).

If the Supreme Court's decision which directed that the counterclaims be stricken had been reduced to an order, such an order would have been reviewable on appeal from the judgment (see, CPLR 5501 [a] [1]) on the theory that it constituted an exercise, albeit an improper one, of the court's power to search the record and grant summary judgment pursuant to CPLR 3212 (b) (see, White v La France, 203 AD2d 765; Conroy v Swartout, 135 AD2d 945), or an instance of the court granting sua sponte relief (see, CPLR 5701 [a] [2]; [c]; Sena v Nationwide Mut. Fire Ins. Co., 198 AD2d 345; Matter of Baby Girl, 189 AD2d 763; Sheik v Sheik, 187 AD2d 572; Modica v

*Zergebel,* 160 AD2d 689). However, the decision striking the appellant's counterclaims was not reduced to an order or embodied as a decretal paragraph of the judgment. Therefore, the counterclaims have not been properly disposed of and will not be until the Supreme Court grants an appropriate motion to resettle the April 10, 1989, order *(see, e.g., Peron Rest. v Young & Rubicam,* 179 AD2d 469; *Lebolt v Lebolt,* 166 AD2d 420; *Pizzuto v Pizzuto,* 162 AD2d 443; *Pivnik v Fraley Realty Corp.,* 157 AD2d 466; *Hanlon v Thonsen,* 146 AD2d 743; *Matter of Geller v Board of Elections,* 112 AD2d 1054, *affd* 65 NY2d 956; *Ridgeway v Ridgeway,* 64 AD2d 736; *Zigman v McMackin,* 8 Misc 2d 249, *affd* 6 AD2d 907; *cf., Furey v Furey,* 76 AD2d 915). The counterclaims will remain pending until they have been properly disposed of by an appealable order or judgment *(see, Bon Air Estates v Village of Suffern,* 32 AD2d 921, 923).

As to Batra's appeals from the judgment of foreclosure dated December 20, 1989, and from the order entered November 7, 1990, we find that all of his arguments are without merit and have no basis in law or in equity. Bracken, J. P., Copertino, Pizzuto and Hart, JJ., concur.