■ In the Matter of LEO T. GESVANTNER, Respondent, v DENESE DOMINGUEZ, Appellant. [710 NYS2d 903] —In a child custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Orange County (Bivona, J.), entered May 14, 1999, as allegedly failed to accurately incorporate the provisions of a stipulation of settlement entered on the record in open court on March 10, 1999.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the matter is remitted to the Supreme Court, Orange County, for a new order which shall accurately reflect the provisions of the March 10, 1999, stipulation.

The preferred remedy when a party alleges that an order or judgment does not accurately incorporate the terms of a stipulation is by motion in the trial court for resettlement (*see,* CPLR 5019 [a]; *Herpe v Herpe*, 225 NY 323, 327), or vacatur (*see,* CPLR 5015), rather than by appeal (*see, Leonard v Columbia Steam Nav. Co.*, 84 NY 48, 55-56; *Stormville Mtn. Homes v Zurhorst*, 35 AD2d 562; *Hanlon v Thonsen*, 146 AD2d 743; *Blaustein v Blaustein*, 145 AD2d 591; *Spinello v Spinello*, 129 AD2d 694). However, we have examined the stipulation and order and find that in certain respects the latter does not conform to the former. We vacate the provisions of the order which, as the parties allege, vary from the stipulation of settlement, and remit the matter to the Supreme Court to accurately reflect the provisions of the stipulation (*see, Pizzuto v Pizzuto*, 162 AD2d 443). Bracken, J. P., Ritter, Altman and Feuerstein, JJ., concur.