■ BARBARA A. FITZGERALD, Respondent, v GERARD J. FITZGERALD, Appellant. [754 NYS2d 666] —In an action for a divorce and ancillary relief, the defendant husband appeals (1) from the findings of fact and conclusions of law of the Supreme Court, Suffolk County (Blydenburgh, J.), dated October 9, 2001, (2), as limited by his brief, from so much of a qualified medical child support order of the same court, also dated October 9, 2001, as failed to conform to the parties' stipulation of settlement, and (3), as limited by his brief, from so much of a judgment of the same court, entered October 17, 2001, as granted the plaintiff wife a divorce on the ground of abandonment and set her child support obligation pursuant to the parties' stipulation of settlement.

Ordered that the appeal from the findings of fact and conclusions of law is dismissed, without costs or disbursements, as findings of fact and conclusions of law are not separately appealable (*see Matter of County of Westchester v O'Neill,* 191 AD2d 556; *Benedetto v O'Grady,* 10 AD2d 628); and it is further,

Ordered that the qualified medical support order is modified by adding thereto the following decretal paragraph: "Ordered that in the event the defendant no longer has health insurance available to him through his employment, the parties shall obtain health insurance for their unemancipated children and pay the cost of such insurance in proportion to their respective incomes"; as so modified, the qualified medical support order is affirmed insofar as appealed from without costs or disbursements; and it is further,

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

"The preferred remedy when a party alleges that a judgment

does not accurately incorporate the terms of a stipulation is by motion in the trial court for resettlement * * * or vacatur * * * of the judgment, rather than by appeal" (*Pizzuto v Pizzuto,* 162 AD2d 443, citing CPLR 5019 [a]; *see Herpe v Herpe,* 225 NY 323, 327; *see also Gesvantner v Dominguez,* 273 AD2d 383). However, CPLR 5019 (a) gives this Court the discretion to cure the mistake (*see Gesvantner v Dominguez, supra; Pizzuto v Pizzuto, supra*).

Contrary to the defendant's contention, the Supreme Court properly incorporated the child support term of the parties' stipulation into the judgment. If the parties' child Erin is no longer emancipated, and if the plaintiff is not paying the additional $250 per month in child support—as required by the judgment—the defendant's remedy is to bring a support enforcement proceeding. However, as the defendant correctly notes, the Supreme Court neglected to include the contingent provision in the qualified medical child support order. In the exercise of our discretion, we modify that order to include the missing provision.

The defendant's remaining contentions are without merit. Florio, J.P., Feuerstein, Friedmann and Rivera, JJ., concur.