■ Peter Charos, Respondent, v Thomas Charos, Appellant, and Camille Carlino et al., Respondents. (And a Third-Party Action.) [769 NYS2d 906]—

In a shareholder's derivative action, inter alia, to recover damages for breach of fiduciary duty, the defendant Thomas Charos appeals from so much of an order of the Supreme Court, Suffolk County (Hall, J.), dated September 10, 2002, as failed to accurately incorporate the provisions of a stipulation of settlement entered on the record on December 18, 2001.

Ordered that the order is reversed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Suffolk County, to issue a new order which shall accurately reflect the provisions of the stipulation.

The preferred remedy when a party alleges that an order or judgment does not accurately incorporate the terms of a stipulation is by motion in the trial court for resettlement or vacatur of the order or judgment, rather than by appeal (*see* CPLR 5019 [a]; *Herpe v Herpe,* 225 NY 323, 327 [1919]; *Matter of Beatrice T.,* 286 AD2d 686, 687 [2001]; *Matter of Gesvantner v Dominguez,*

273 AD2d 383 [2000]; *Pizzuto v Pizzuto*, 162 AD2d 443 [1990]). However, we have examined the stipulation and order appealed from and find that in certain respects the latter does not conform to the former (*see Matter of Gesvantner v Dominguez, supra; Pizzuto v Pizzuto, supra*).

As the defendant Thomas Charos correctly notes, the second, third, seventh, and tenth decretal paragraphs of the order appealed from do not, as required by the terms of the December 18, 2001, stipulation, provide for the exchange of general releases. Therefore, we remit the matter to the Supreme Court, Suffolk County, to issue a new order which accurately reflects the terms of the stipulation (*see Matter of Gesvantner v Dominguez, supra; Pizzuto v Pizzuto, supra*). Altman, J.P., Goldstein, Adams and Mastro, JJ., concur.