■ In the Matter of JOSEPH J.L., a Person Alleged to be Incapacitated. CLAIRE H., Appellant; FRANK L., Respondent. [892 NYS2d 558]—

When a party alleges that a judgment does not accurately incorporate the provisions of a stipulation of settlement, the preferred remedy is to move in the trial court to resettle or vacate the judgment, rather than to appeal (*see Charos v Charos,* 3 AD3d 467 [2004]; *Fitzgerald v Fitzgerald,* 302 AD2d 356 [2003]; *Matter of Gesvantner v Dominguez,* 273 AD2d 383 [2000]). Nevertheless, we have examined the stipulation and the judgment appealed from in this matter and find that the latter does not conform to the former in several key respects regarding the appellant's future receipt of tax planning gifts, the propriety of her past expenditures and receipt of past payments in connection with her father's care, and her ability to seek appointment as a coguardian of her father's property in the future. Accordingly, the matter must be remitted to the Supreme Court, Westchester County, to issue a new judgment which accurately reflects the terms of the parties' stipulation dated April 15, 2008 (*see Page v Page,* 31 AD3d 1172, 1173 [2006]; *Charos v Charos,* 3 AD3d at 468; *Matter of Gesvantner v Dominguez,* 273 AD2d 383 [2000]; *Pizzuto v Pizzuto,* 162 AD2d 443 [1990]). Rivera, J.P., Leventhal, Belen and Austin, JJ., concur.