■ CINDY ANN AYROVAINEN, Also Known as CINDY ANN LAUDER, Respondent, v MARTIN MICHAEL AYROVAINEN, Appellant. [942 NYS2d 187]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Orange County (Slobod, J.), dated April 1, 2011.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Orange County, for the issuance of a corrected judgment in accordance herewith.

When a party alleges that a judgment does not accurately incorporate the provisions of a stipulation of settlement, the preferred remedy is to move in the trial court to resettle or vacate the judgment, rather than to appeal (see *Matter of Joseph J.L. [Claire H.—Frank L.]*, 69 AD3d 858 [2010]; *Charos v Charos*, 3 AD3d 467 [2004]; *Matter of Gesvantner v Dominguez*, 273 AD2d 383 [2000]). Nevertheless, this Court may address the issue and, upon examining the stipulation and the judgment appealed from in this matter, we and find that the latter does not conform to the former in several key respects including: the

percentage of the college expenses of the parties' children for which the defendant was responsible, the date upon which the defendant's obligation to maintain the former marital residence would cease, under what conditions the defendant's maintenance obligation would terminate, and the manner in which the parties would claim their youngest child as a tax exemption. In addition, the judgment conflicts with the stipulation with respect to the defendant's responsibility to maintain a life insurance policy with the plaintiff as a beneficiary, whether the parties agreed that there would be a cost of living increase for the defendant's child support obligation, and whether the defendant was to assist the plaintiff with a potential sale of certain real property located in Livingston Manor.

Accordingly, the matter must be remitted to the Supreme Court, Orange County, to issue a corrected judgment which accurately reflects the terms of the parties' stipulation entered on the record in open court on October 2, 2009 (*see Matter of Joseph J.L. [Claire H.—Frank L.]*, 69 AD3d 858 [2010]; *Page v Page*, 31 AD3d 1172, 1173 [2006]; *Charos v Charos*, 3 AD3d at 468; *Matter of Gesvantner v Dominguez*, 273 AD2d 383 [2000]). Balkin, J.P., Leventhal, Roman and Sgroi, JJ., concur.