Town of Warwick et al., Appellants, v Black Bear Camp-
grounds et al., Respondents. Black Bear Family Campground,
Inc., et al., Proposed Intervenors-Respondents. [943 NYS2d 608]—

In an action for permanent injunctive relief regarding the operation of a campground, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated July 12, 2010, as granted those branches of the motion of the defendants and the proposed intervenors which were to vacate a stipulation of settlement made in open court on November 20, 2009, and a judgment dated December 21, 2009, purportedly entered upon the stipulation.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiffs' contention, the Supreme Court had the power to entertain that branch of the motion of the defendants and the proposed intervenors (hereinafter collectively the respondents) which was to vacate a judgment dated December 21, 2009. Although that branch of the motion was not premised upon any of the grounds expressly set forth in CPLR 5015, the Supreme Court has the inherent power to vacate its own judgment in the interest of justice, and the grounds enumerated for granting such relief in CPLR 5015 "are neither preemptive nor exhaustive and were not intended to limit that power" (*Ruben v American & Foreign Ins. Co.*, 185 AD2d 63, 67 [1992]; *see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]). This Court has stated that "[w]hen a party alleges that a judgment does not accurately incorporate the provisions of a stipulation of settlement, the preferred remedy is to move in the trial court to resettle or vacate the judgment, rather than to appeal" (*Matter of Joseph J.L. [Claire H.—Frank L.]*, 69 AD3d 858, 858 [2010]; *see Charos v Charos*, 3 AD3d 467, 467 [2004]; *Matter of Gesvantner v Dominguez*, 273 AD2d 383, 383 [2000]).

Here, an examination of the stipulation of settlement entered into by the parties (hereinafter the stipulation) and the judgment demonstrates that the judgment does not conform to the stipulation, as it contains provisions which were not present in the stipulation regarding, but not limited to, the defendants' obligation to close the campground at issue each year between December 15 and March 15, and limitations upon the resumption of residency at the campground by certain tenants. Therefore, the Supreme Court properly granted that branch of the respondents' motion which was to vacate the judgment.

Contrary to the plaintiffs' contentions, the Supreme Court also properly granted that branch of the respondents' motion which was to vacate the stipulation. A stipulation of settlement that is made in open court is a contract and is governed by general contract principles for its interpretation and effect (*see Lacorazza v Lacorazza*, 47 AD3d 897, 898 [2008]; *Matter of Weiss v Weiss*, 289 AD2d 498, 498 [2001]). "[S]tipulations of settlement are favored by the courts and not lightly cast aside" (*Diarassouba v Urban*, 71 AD3d 51, 55 [2009]; *see IDT Corp. v Tyco Group, S.A.R.L.*, 13 NY3d 209, 213 [2009]; *Hallock v State of New York*, 64 NY2d 224, 230 [1984]). Stipulations of settlement, however, are not enforceable unless they are definite and complete (*see Matter of Dolgin Eldert Corp.*, 31 NY2d 1, 8-9 [1972]; *Diarassouba v Urban*, 71 AD3d at 55-56). In order to be definite and complete, all material terms of the settlement must be presented (*see Bonnette v Long Is. Coll. Hosp.*, 3 NY3d 281, 285 [2004]). In addition to being ambiguous as to whether certain campground tenants, identified as the "30 households," would be permitted to remain at the campground for a period of three years regardless of whether site plan approval was obtained by December 15, 2010, the stipulation provided that the defendants needed to "bring the campground up to snuff," and obtain "the necessary town and county health department approvals, which is part of the site plan approval process." As there is no unequivocal indication of which zoning regulations of the Town of Warwick the parties agreed would be applicable to the campground, the stipulation is not definite as to a material term of the settlement agreement. Given these circumstances, the Supreme Court properly granted that branch of the respondents' motion which was to vacate the stipulation on the ground that it was not definite and complete.

The parties' remaining contentions either are without merit, are not properly before this Court, or need not be addressed in light of the foregoing. Rivera, J.P., Chambers, Roman and Sgroi, JJ., concur.