Town of Warwick v Black Bear Campgrounds (2019 NY Slip Op 00491)





Town of Warwick v Black Bear Campgrounds


2019 NY Slip Op 00491


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-02302
 (Index No. 9165/08)

[*1]Town of Warwick, et al., plaintiffs-respondents,
v
Black Bear Campgrounds, et al., defendants- respondents; Giora Neeman, et al., proposed intervenors-appellants.


Catania, Mahon, Milligram & Rider, PLLC, Newburgh, NY (Joseph G. McKay of counsel), for proposed intervenors-appellants.
The Kleister Law Group, Washingtonville, NY (Christopher B. Kleister of counsel), for defendants-respondents.



DECISION & ORDER
In an action for injunctive relief, the proposed intervenors, Giora Neeman and Giora Neeman, LLC, appeal from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated January 25, 2017. The order denied the proposed intervenors' motion pursuant to CPLR 1012 and 1013 for leave to intervene in the action as plaintiffs.
ORDERED that the order is affirmed, with costs.
The defendants are the owners and operators of a campground located in the Town of Warwick. In 2008, the Town of Warwick and the Town of Warwick Building and Zoning Inspector (hereinafter together the Town) commenced this action pursuant to Town Law § 268(2) to permanently enjoin the defendants from operating the campground unless they complied with the zoning law. On a prior appeal, this Court affirmed so much of an order dated July 12, 2010, as granted those branches of a motion of the defendants, among others, which were to vacate a stipulation of settlement and a judgment purportedly entered upon the stipulation (see Town of Warwick v Black Bear Campgrounds, 95 AD3d 1002).
The proposed intervenors, Giora Neeman and Giora Neeman, LLC, own a parcel of unimproved property adjacent to the rear of the campground. Although they were aware that this action was still pending, the proposed intervenors commenced a separate action against the defendants and others in 2013, asserting, inter alia, a common-law cause of action to enjoin the continuance of a zoning code violation. In November 2016, shortly after learning that the Town and the defendants had entered into an agreement, the proposed intervenors moved pursuant to CPLR 1012 and 1013 for leave to intervene in this action as plaintiffs. The Supreme Court denied the motion as untimely, and the proposed intervenors appeal.
Intervention pursuant to either CPLR 1012 or 1013 requires a timely motion (see CPLR 1012, 1013; Castle Peak 2012-1 Loan Trust v Sattar, 140 AD3d 1107, 1108; U.S. Bank N.A. v Bisono, 98 AD3d 608, 609). Under the circumstances presented here, we agree with the Supreme [*2]Court's determination to deny, as untimely, the proposed intervenors' motion for leave to intervene (see Matter of Rutherford Chems., LLC v Assessor of Town of Woodbury, 115 AD3d 960, 961; Matter of Arcelormittal Lackawanna LLC v City of Lackawanna, 66 AD3d 1365, 1365-1366; Rectory Realty Assoc. v Town of Southampton, 151 AD2d 737, 737-738).
The parties' remaining contentions have been rendered academic in light of our determination.
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court