Davis v Davis (2020 NY Slip Op 01411)





Davis v Davis


2020 NY Slip Op 01411


Decided on February 27, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 27, 2020

527526

[*1]Deborah B. Davis, Plaintiff,
v
William J. Davis, Appellant.

Calendar Date: January 13, 2020

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Reynolds Fitzgerald, JJ.


William J. Davis, Franklin, appellant pro se.



Devine, J.
Appeals (1) from an order of the Supreme Court (Lambert, J.), entered December 4, 2017 in Delaware County, directing that the divorce judgment be amended to include equitable distribution of defendant's general pension plan, and (2) from the amended judgment entered thereon.
Plaintiff (hereinafter the wife) commenced this divorce action in 2014 and, following trial, there was general agreement that the marital share of the retirement accounts of defendant (hereinafter the husband) would be equitably distributed using the Majauskas formula. The judgment of divorce incorporated an order that directed the agreed-upon distribution for a pension benefit and profit sharing plan provided by the husband's union local, but failed to address a separate pension benefit provided by the international union. The parties became embroiled in postjudgment motion practice, during which the omission came to light. Supreme Court issued an order directing that the wife submit an amended judgment of divorce that addressed the second pension in the same manner as the other retirement assets. The husband appeals from that order, as well as the resulting amended judgment.
We affirm. The order that was incorporated into the original judgment directed, consistent with the request of each party, that the marital portion of the husband's retirement accounts be divided in accordance with the Majauskas formula. The order and original judgment omitted one of the husband's two union pensions in making that division, however, apparently because the parties referred to one union pension in their posttrial submissions and because of a misconception, at least on the wife's part, that the two pensions were aspects of a single union benefit.[FN1] In light of that omission, which contradicted the parties' understanding that the husband's retirement accounts should be divided in a specified manner, Supreme Court was free to issue an amended judgment that cited both pensions and accomplished the agreed-upon division (see CPLR 5019 [a]; Matter of Gesvantner v Dominguez, 273 AD2d 383, 383 [2000]; Lebolt v Lebolt, 166 AD2d 420, 420-421 [1990]; Pizzuto v Pizzuto, 162 AD2d 443, 444 [1990]; Stormville Mtn. Homes v Zurhorst, 35 AD2d 562, 562-563 [1970]; cf. Meenan v Meenan, 103 AD3d 1277, 1278 [2013]).
The husband's remaining contentions, including that a later stipulation and order that resolved other disputes between the parties somehow affected the pension question as well, have been examined and are lacking in merit.
Egan Jr., J.P., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order and the amended judgment are affirmed, without costs.



Footnotes

Footnote 1: It is unclear how the husband understood the relationship between the two pensions, as he acknowledged at trial that he was "really not sure" how the second pension worked. In any event, he agreed at trial that the second pension should "be divided according to the formula that the law requires."