Ferrigan v Ferrigan (2022 NY Slip Op 07058)

Ferrigan v Ferrigan

2022 NY Slip Op 07058

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-08655
 (Index No. 14857/02)

[*1]Deirdre Ferrigan, appellant, 
v
Peter B. Ferrigan, respondent.

Michael A. Lebit, Smithtown, NY, for appellant.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered August 12, 2003, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Glenn A. Murphy, J.), dated April 1, 2019. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 5019(a) to resettle the judgment of divorce so as to replace a provision requiring the defendant to provide health insurance for the parties' children with a provision requiring the plaintiff to provide health insurance for the parties' children.
ORDERED that the order is modified, on the law, by deleting the provision thereof
granting that branch of the defendant's motion which was pursuant to CPLR 5019(a) to resettle the judgment of divorce so as to replace a provision requiring the defendant to provide health insurance for the parties' children with a provision requiring the plaintiff to provide health insurance for the parties' children, and substituting therefor a provision granting that branch of the motion to the extent of amending the judgment of divorce so as to replace the provision requiring the defendant to provide health insurance for the parties' children with a provision requiring the plaintiff to provide health insurance for the parties' children through her employer unless she becomes unemployed, and then the defendant will provide health insurance for the parties' children through his employer, and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in March 1996 and divorced by a judgment entered August 12, 2003 (hereinafter the judgment of divorce), which included a stipulation of settlement dated February 27, 2003 (hereinafter the stipulation), which was incorporated but not merged into the judgment of divorce. In August 2018, the defendant moved, inter alia, pursuant to CPLR 5019(a) to resettle the judgment of divorce on the ground that a provision in the judgment of divorce requiring him to provide health insurance for the parties' children was inconsistent with the provision in the stipulation which provided that the plaintiff would provide health insurance for the children through her employer, but if she were unemployed, the defendant would do so through his employer. In an order dated April 1, 2019, the Supreme Court, inter alia, granted that branch of the defendant's motion which was pursuant to CPLR 5019(a) to resettle the judgment of divorce so as to replace the provision requiring the defendant to provide health insurance for the parties' children with a provision requiring the plaintiff to provide health insurance for the parties' children. The plaintiff appeals.
Contrary to the plaintiff's contention, the defense of laches is not a basis to preclude the resettlement of the judgment of divorce as the plaintiff failed to show that she was prejudiced by the defendant's delay in seeking to correct the error (see Kiker v Nassau County, 85 NY2d 879, 881-882; Markell v Markell, 91 AD3d 832, 834). Since the plaintiff failed to show a change in [*2]circumstances making it inequitable to grant the requested relief, "'[t]he mere lapse of time without a showing of prejudice will not sustain a defense of laches'" (Markell v Markell, 91 AD3d at 834, quoting Skrodelis v Norbergs, 272 AD2d 316, 316).
Resettlement of a judgment of divorce pursuant to CPLR 5019(a) is an appropriate remedy when the judgment does not accurately incorporate the terms of a stipulation of settlement (see id.; Ayrovainen v Ayrovainen, 94 AD3d 922, 922; Matter of Gesvantner v Dominguez, 273 AD2d 383, 383). Here, although the judgment of divorce provided that the defendant was responsible for providing health insurance for the parties' children, that provision was inconsistent with the terms of the stipulation. Specifically, the stipulation contained a provision which set forth that the plaintiff was responsible for providing health insurance for the parties' children through her employer unless she became unemployed, and then the defendant would be responsible for providing health insurance for them through his employer. Thus, the Supreme Court properly granted that branch of the defendant's motion which was to resettle the judgment of divorce to the extent that it was inconsistent with the stipulation (see e.g. Fitzgerald v Fitzgerald, 302 AD2d 356, 357).
However, the Supreme Court should have denied that branch of the defendant's motion which was to resettle the judgment of divorce to the extent it sought to replace the provision requiring the defendant to provide health insurance for the parties' children with a provision requiring the plaintiff to be solely responsible to provide health insurance for the parties' children (see e.g. Mascia v Mascia, 161 AD3d 977, 978). The amendment proposed by the defendant failed to comport with the terms of the stipulation regarding the responsibility of the parties as to the health insurance for their children and was a substantive modification beyond the court's inherent authority to correct a mistake, defect, or irregularity in the original judgment "not affecting a substantial right of a party" (CPLR 5019[a]; see Mascia v Mascia, 161 AD3d at 978).
The plaintiff's remaining contentions are without merit.
DILLON, J.P., DUFFY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court