Matter of Patrick UU. v Francesca VV. (2023 NY Slip Op 01040)

Matter of Patrick UU. v Francesca VV.

2023 NY Slip Op 01040

Decided on February 23, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 23, 2023

535003
[*1]In the Matter of Patrick UU., Appellant,
v
Francesca VV., Respondent. (And Other Related Proceedings.)

Calendar Date:January 12, 2023

Before:Garry, P.J., Egan Jr., Lynch, Pritzker and McShan, JJ.

Betty J. Potenza, Highland, for appellant.
Lindsay H. Kaplan, Kingston, for respondent.
Amy S. Ingram, Kingston, attorney for the child.

Garry, P.J.
Appeal from an order of the Family Court of Ulster County (Anthony McGinty, J.), entered January 27, 2022, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to resettle an order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of the subject child (born in 2007). Pursuant to a prior order of custody and visitation, the father was granted sole legal custody and primary physical custody of the child, with the mother having certain parenting time. In September 2021, following the filing of various petitions, the parties and their counsel appeared before Family Court indicating that they had reached a possible resolution of the matters. The mother indicated her general agreement with a proposed written stipulation provided by the father, with some exceptions. After the court went through each of the unresolved issues identified by the mother, the parties indicated that they had come to a comprehensive agreement, and counsel for the father was directed to submit a written order memorializing same. The mother later objected to the order submitted by the father and submitted a counter order, to which the father objected. Both parties thereafter made repeated requests for the expeditious issuance of a written order, which was needed to enroll the child in school. Family Court signed and entered the father's proposed order, reflecting his initial proposal and the changes that had been agreed to on the record, and thereby granted the parties joint legal custody, with primary physical placement to the mother and certain parenting time to the father. A week later, the mother, now pro se, requested a copy of the transcript of the September 2021 proceeding. Thereafter, she moved to resettle the order, asserting that it included certain provisions that she had not explicitly agreed to on the record. Over the father's opposition, Family Court granted the motion and amended its order by striking or amending the provisions identified by the mother. The father appeals.[FN1]
Contrary to the father's argument, the mother's motion was not untimely as there is no specific time limit in which to move to resettle (see CPLR 2001, 5019 [a]; Kiker v Nassau County, 85 NY2d 879, 881 [1995]; Matter of Evans v Board of Educ. of Hempstead Union Free Sch. Dist., 145 AD3d 1064, 1065 [2d Dept 2016]; Ansonia Assoc. v Ansonia Tenants Coalition, 171 AD2d 411, 413 [1st Dept 1991]). The father's reliance upon 22 NYCRR 670.6, a repealed practice rule of the Second Department (see Rules of App Div, 2d Dept [22 NYCRR] former § 670.6, repealed eff Sept. 17, 2018), is misplaced.
Family Court was also within its power to resettle its initial order. Resettlement, which "rest[s] on the inherent power of courts to cure mistakes, defects and irregularities that do not affect substantial rights of the parties" (Matter of Torpey v Town of Colonie, N.Y., 107 AD3d 1124, 1126 [3d Dept 2013] [internal [*2]quotation marks, brackets and citations omitted]; see Matter of Joan HH. v Maria II., 174 AD3d 1189, 1190 [3d Dept 2019]), is an appropriate, and preferred, remedy when a party alleges that an order does not accurately incorporate the terms of a stipulation (see Ferrigan v Ferrigan, 211 AD3d 820, 821 [2d Dept 2022]; Town of Warwick v Black Bear Campgrounds, 95 AD3d 1002, 1002 [2d Dept 2012]; Charos v Charos, 3 AD3d 467, 467 [2d Dept 2004]). An examination of the oral stipulation shows that paragraphs 20, 21, 26 and 28 of Family Court's initial order were terms not agreed to by the parties on the record, and those paragraphs were therefore properly stricken and/or amended (see Eidman v Eidman, 143 AD2d 803, 804 [2d Dept 1988]; compare Renaud v Renaud, 197 AD3d 515, 516-517 [2d Dept 2021]). The fact that other provisions that were not the subject of the mother's motion were not similarly stricken does not render the court's decision erroneous. However, upon our review of the stipulation, we find that paragraph 18 of the order should not have been stricken. The mother agreed, on more than one occasion during the September 2021 conference, that the child would remain in public school in his current school district throughout high school (compare Matter of Joan HH. v Maria II., 174 AD3d at 1190-1191).[FN2] Paragraph 18 of the order must therefore be restored.
Egan Jr., Lynch, Pritzker and McShan, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted respondent's motion to resettle the order of custody and visitation by striking paragraph 18 of said order; motion denied to that extent; and, as so modified, affirmed.

Footnotes

Footnote 1: Although denominated a "decision," the so-ordered language at the foot of the document clarifies that it is an appealable paper (see CPLR 5512 [a]; Cloke v Findlan, 165 AD3d 1545, 1546 n 2 [3d Dept 2018]).

Footnote 2: Notably, the mother's own proposed order also included this provision.